Argued and submitted July 17, motion to augment record denied; affirmed
August 28, 1996

Margery CRIST,
*Petitioner,*

*v.*

CITY OF BEAVERTON
and the Aspen Group, Inc.,
*Respondents.*

(LUBA No. 96-081; CA A93482)

922 P2d 1253

William C. Cox argued the cause and filed the brief for petitioner.

Mark Pilliod argued the cause and filed the brief for respondent City of Beaverton.

Steven R. Schell argued the cause for respondent The Aspen Group, Inc. With him on the brief was Black Helterline.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Petitioner seeks review of LUBA's dismissal, for lack of jurisdiction, of her appeal from an action by the City of Beaverton. We affirm.

The city and respondent The Aspen Group, Inc. (respondent) entered into a "preannexation agreement," relating to property in unincorporated Washington County, where respondent seeks to locate and operate a planned unit development (PUD). Petitioner appealed the consummation of the agreement to LUBA. She contends generally that the agreement enables and/or requires the city to annex the area after Washington County has approved the PUD and, without following assertedly applicable substantive and procedural requirements of the city's land use regulations, to allow the PUD to be developed and operated in the city.

LUBA granted the city's and respondent's motion to dismiss the appeal, on the ground that the agreement was not an appealable final land use decision. It explained:

"Contrary to petitioner's statement as to its effect, the effect of the challenged preannexation agreement is that, upon approval by Washington County of the proposed planned unit development application *and* annexation of [respondent's] property into the city, the city agrees to provide specified utility services to a subdivision. As the agreement states, the Portland Metropolitan Area Local Government Boundary Commission has exclusive jurisdiction over the annexation of the property into the city. *See* ORS 197.460. Thus, as the city and [respondent] acknowledge, the city has no authority over either the development application or the annexation of the property. Nor does the challenged contractual agreement purport to exert any such authority.

"The challenged preannexation agreement does not purport to and does not effect approval of either the proposed development or annexation of the property into the city. It is not a final land use decision over which this Board has jurisdiction." (Emphasis in original; citations omitted.)

We agree generally with LUBA's analysis and conclusions concerning the developmental approval and annexation aspects of the agreement. It is not entirely clear

whether the agreement makes the extraterritorial provision of water and sewer services dependent on *both* the county's approval of the PUD application and the boundary commission's approval of the annexation. Although an introductory recital in the agreement *can* be read to so suggest, paragraph 7 of the agreement clearly states and paragraph 9 suggests that the city will begin providing the utility services "upon approval of the proposed development application by Washington County."[1]

However, in any event, annexation is not a necessary prerequisite to the provision of municipal services. *See* ORS 222.115. Whether the city's obligation to provide services was contingent on the PUD approval only or on both that and annexation does not affect the jurisdictional analysis. The city's provision of extraterritorial services here is subject to the boundary commission's review, not LUBA's. ORS 199.464(3). Further, for the reasons stated by LUBA, the final administrative decision regarding the annexation of respondent's property to the city is also within the boundary commission's rather than LUBA's jurisdiction and, at least before annexation occurs, authority to grant or deny the PUD application belongs to the county rather than the city. Consequently, any land use decision concerning the development, as of the time this appeal was brought, was for the county to make.

LUBA's analysis needs supplementation in one respect, because it is not fully responsive to the argument of petitioner that we have described, *i.e.*, that the agreement commits the city to take actions that have not and will not adequately apply or comply with the city's land use regulations. Petitioner appears to reason that LUBA therefore has jurisdiction over the agreement, either as a statutory "land use decision" or as an action having a "significant impact" on land use.

In addition to the provisions of the agreement that LUBA addressed, it contains the following paragraph:

---

[1] We emphasize that we are not construing the agreement; all that we decide is whether it or any part of it is appealable to LUBA.

"Subject to approval by Washington County, Aspen agrees to develop the Murray Ridge Planned Unit Development in substantial conformity with the detailed design drawing on Exhibit D attached hereto. City's planning staff has reviewed a full sized copy of Exhibit 'D' for utilities, lot dimensions, and streets compliance and finds it acceptable. Before the final plat is recorded City shall be given 10 days to review and approve it for reasonable conformity with Exhibit D. Approval shall not be unreasonably withheld. Failure of the City to approve or disapprove the final plat within the time specified shall be deemed an approval. Deviations from Exhibit D which comply with Beaverton's Development Code shall not be deemed grounds for disapproval."

Petitioner argues that the "act of making the development plan [in Exhibit D] part of the preannexation agreement effectively approved that plan without land use issue review," and that the city "has committed itself to approving the PUD in final plat form without placing the matter before the public for hearing" or "apply[ing] its land use codes to the development." With respect to anything that has occurred so far, petitioner's argument does not succeed, because the agreement does not and cannot "approve" any part of an application that was made to the county for a use that, at the relevant time, was solely within the county's jurisdiction to consider. The quoted provision of the agreement does not constitute a land use decision by the city. It also does not have a significant impact on land use, because it does nothing; it merely says that something will be done, if the conditions precedent for it are satisfied. As explained below, any LUBA review that may become available must await that time.

Assuming without deciding that some prospective action amounting to a land use decision must be taken by the city in order to allow the use, after the county has approved it and/or after annexation, no *final* city land use decision or other city action subject to LUBA's jurisdiction has *yet* occurred. If the agreement is eventually implemented in such a way that applicable substantive or procedural standards are not followed in connection with any land use decision that may be required, the time for redress would arise after the event occurs. We have had repeated occasions to note that,

like errors in a land use decision, failures by local governments to follow substantive or procedural requirements for a land use decision, or to make a required decision, "are reviewable * * * by the land use appeal process." *Sauvie Island Agricultural v. GGS (Hawaii), Inc.*, 107 Or App 1, 7, 810 P2d 856 (1991); *see also Campbell v. Bd. of County Commissioners*, 107 Or App 611, 617, 813 P2d 1074 (1991); *Flowers v. Klamath County*, 98 Or App 384, 780 P2d 227, *rev den* 308 Or 592 (1989); *Doughton v. Douglas County*, 90 Or App 49, 750 P2d 1174 (1988); *League of Women Voters v. Coos County*, 82 Or App 673, 729 P2d 588 (1986); *Doughton v. Douglas County*, 82 Or App 444, 728 P2d 887 (1986), *rev den* 303 Or 74 (1987).

We agree with LUBA's conclusion that it lacked jurisdiction. If there ever will be an appropriate occasion for petitioner to invoke LUBA's review of city actions under the agreement, it has not yet come.

Petitioner has moved to augment the record. The motion is denied.[2]

Motion to augment record denied; affirmed.

---

[2] We are advised by the parties that, ultimately, a mandamus action was brought to compel the county to approve the PUD application, and that a peremptory writ was issued, and the county has approved the development pursuant to it. That information was not part of the record before LUBA and was made part of the record here by our granting of respondent City of Beaverton's motion to augment the record. We conclude that we erred in adding that evidence to the record and do not consider it here. Given the record before LUBA, our decision is based on the understanding that, at the relevant time, the various governmental bodies involved here possessed the jurisdiction and would presumably exercise the responsibilities that the law assigns them.