Argued and submitted March 7, affirmed on appeal and cross-appeal July 23, 1997

STATE ex rel Allen CURRIER,
*Appellant - Cross-Respondent,*

*v.*

CLATSOP COUNTY,
a political subdivision of the
State of Oregon,
*Respondent - Cross-Appellant,*

*and*

Robert FOSTER,
*Intervenor-Respondent - Cross-Respondent.*

(95-2024; CA A92017)

942 P2d 847

Michael C. Robinson argued the cause and filed the briefs for appellant - cross-respondent.

Kenneth S. Eiler argued the cause and filed the briefs for respondent - cross-appellant.

No appearance by intervenor-respondent - cross-respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Relator brought this action under ORS 215.428(7), seeking a writ of mandamus to require defendant Clatsop County to approve relator's application for a proposed bed and breakfast on land overlooking Cannon Beach. The trial court granted summary judgment to the county on the grounds that relator was barred by laches because of delays in bringing the petition for the writ and that the proposed use violated the applicable county ordinance in one respect. It thereafter denied the county's request for attorney fees. Relator appeals and the county cross-appeals; we affirm.

On July 22, 1994, relator filed his application for a conditional use permit for a three-unit bed and breakfast on land that is zoned rural residential; on August 16 he modified the proposal to provide for a five-unit establishment. After hearings, the county planning commission denied the application by an order that became final on December 15. Relator appealed to the Board of County Commissioners, which scheduled a hearing for March 8, 1995. On March 6, relator filed this case, asking the court to compel the Board to approve the application on the ground that it had not issued a final decision within the 120 days that ORS 215.428 requires. The county defended on a number of grounds. The trial court found that there were issues of fact on some of the grounds that the county raised but that it was entitled to summary judgment on two of them, relator's alleged laches and the failure of the application to comply with a county requirement that access to the establishment be by a public rather than private road.

At the relevant times,[1] ORS 215.428(7) provided:

"If the governing body of the county or its designate does not take final action on an application for a permit, limited land use decision or zone change within 120 days after the application is deemed complete, the applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body

---

[1] References to the statutes are to the 1993 versions, which were in effect when the events in question occurred.

or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the county comprehensive plan or land use regulations as defined in ORS 197.015."

In their briefs, the parties assume that the procedures and general criteria for obtaining the writ of mandamus described in this statute are the same as those that apply to the writ of mandamus described in ORS chapter 34.[2] That assumption was not unreasonable based on the case law as it then existed. However, in *Murphy Citizens Advisory Com. v. Josephine County*, 325 Or 101, 934 P2d 415 (1997), the Supreme Court recently reexamined the relationship between the writ of mandamus in chapter 34 and the writ provided in ORS 215.428(7). After discussing some variations between the ORS 215.428(7) writ and traditional mandamus practice, the court concluded that the statute "does not appear in other respects to contemplate that traditional mandamus procedures will be followed; it instead contains its own truncated procedure that is described in a unique nomenclature." 325 Or at 110.

As relator points out in a memorandum of additional authorities, *Murphy Citizens* may affect two of the three issues on this appeal: the applicability of laches and the county's right to attorney fees. When the Supreme Court held that laches applied to an application for a writ of mandamus, it did so in the context of a writ issued under chapter 34. *See State ex rel Fidanque v. Paulus*, 297 Or 711, 688 P2d 1303 (1984). Although that court has since applied similar reasoning to require that other kinds of proceedings against governmental bodies be filed within a reasonable time, *see, e.g., Ellis v. Roberts*, 302 Or 6, 725 P2d 886 (1986), it has never held that those principles lead to a similar requirement for a chapter 215 mandamus. We also relied on ORS 34.210 in holding that a trial court has discretion to award attorney fees to a prevailing party in a mandamus action under ORS 227.178(7), which is analogous to ORS 215.428(7). *State ex rel*

---

[2] Relator did argue in his brief that the grounds listed in ORS 215.428(7) for denying a writ were exclusive and did not include laches, which is a ground for denying a writ of mandamus under chapter 34. *See State ex rel Fidanque v. Paulus,* 297 Or 711, 688 P2d 1303 (1984).

*Compass Corp. v. City of Lake Oswego,* 135 Or App 148, 898 P2d 198 (1995). After *Murphy Citizens* it may be questionable whether that reliance remains correct.

■　Because of our view of the merits of this case, we do not need to resolve the effect of *Murphy Citizens* on these issues. Rather, we hold that the trial court properly granted summary judgment to the county on the ground that the county's land use ordinances required that access to the proposed bed and breakfast be by a public rather than private road and that the trial court acted within its discretion in denying the county's request for attorney fees.

■　Under the county's zoning ordinances, the proposed bed and breakfast is a commercial use that would be located in a rural residential zone. Relator's application provided that he would serve the bed and breakfast by a private road. The relevant ordinance provides:

> "Private roads shall not be approved if the road is presently needed, or is likely to be needed, for development of adjacent property, or to be utilized for public road purposes in the normal development of the area, or *if the private road is intended to serve commercial or industrial district*[3] uses. Private roads shall not be approved for commercial or industrial land divisions." (Emphasis supplied.)

The parties argue primarily about the emphasized portion of the ordinance. Relator asserts that the ordinance prohibits private roads only if the use is in a commercial or industrial *district*. The county asserts that the ordinance applies to any commercial or industrial *use,* wherever the use may be located.

Although these are the parties' positions, their actual arguments only incidentally deal with issues of substance. Rather than discussing the meaning of the ordinance, they spend almost all of the limited attention that they give this issue disputing whether the trial court did or should have deferred to the varying interpretations that the county Planning Commission and Board of County Commissioners gave to the ordinance. *See Gage v. City of Portland,* 319 Or

---

[3] Under the county's land use ordinances "district" has the same meaning as "zone."

308, 877 P2d 1187 (1994); *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992). Because we review the trial court's decision as a matter of law, the weight that the trial court gave to the local interpretations has no effect on the weight that we give those decisions. As we explain below, we do not give any deference to the local interpretations.

The deference requirements of *Clark* and *Gage* are limited to LUBA's review of land use decisions and our judicial review of LUBA's actions. As the Supreme Court has noted, "different standards control the determination, by LUBA and the circuit court, of whether an approval of a land use application complies with the comprehensive plan and land use regulations." *State ex rel Compass Corp. v. City of Lake Oswego*, 319 Or 537, 544, 878 P2d 403 (1994). The purpose of ORS 215.428(7) is to provide a remedy if the county fails to make a decision within the required time. Under the statute, the circuit court must issue a writ of mandamus unless the county shows that the approval would violate its comprehensive plan or land use regulations. As the court indicated, deference is inconsistent with the requirement that the county bear the burden of showing to the court that the approval would constitute a violation. *Cf. id.*, 319 Or at 541 (comparable provision of ORS 227.178(7) creates a right to a judicially compelled approval of an application even if governing body makes a belated decision denying the application). The issue of deference has no effect on our decision.

It is possible to read the emphasized portion of the ordinance to support either party's position. That portion prohibits private roads for "commercial or industrial district uses." Taken by itself, that phrase may mean either "uses of a kind permitted in commercial or industrial districts" or "uses when they are actually found in commercial or industrial districts." That is, it may describe either the *nature* or the *location* of the commercial or industrial uses. The parties have not referred us to anything elsewhere in the county's land use plans or ordinances that is relevant to resolving this issue. However, the apparent purpose of the ordinance as a whole suggests the answer.

Under the county's regulations, a private road may be built to less substantial standards than a public road and

does not involve a dedication of the roadway for public use. A private road is thus designed for more limited uses than is a public road. A commercial use, wherever it is located, is likely to place greater demands on a road than will a noncommercial use. There is no reason to believe that those increased demands will necessarily be less when the commercial use is located in a noncommercial zone. The focus of the ordinance is on assuring adequate roads for developmental needs: Private roads are not allowed if they are likely to be needed for the development of adjacent property, or in the normal development of the area, or if they serve commercial or industrial district uses. In any event, private roads are not allowed "for commercial or industrial land divisions." This last provision in itself prohibits new private roads in commercial districts. It would have little significance if the prohibition in the previous sentence on private roads to serve commercial district uses applied only to uses that actually occurred in commercial districts.

In short, because the ordinance focuses on roads that are designed to carry the increased traffic that commercial uses are likely to produce, and because the final sentence in the ordinance would essentially duplicate the previous provision if relator's interpretation was correct, we hold that the prohibition on private roads to serve commercial district uses extends to any private road that would serve a use allowed in a commercial district. Because relator's application contemplated that the proposed bed and breakfast would be served by a private road, it violated a substantive provision of the county's land use regulations. The court correctly held, therefore, that relator was not entitled to a writ of mandamus under ORS 215.428(7).

We turn to the county's cross-appeal, in which it challenges the court's denial of its motion for attorney fees. As previously discussed, we will assume that ORS 34.210(2), which provides for an award of attorney fees to the prevailing party in the trial court's discretion, applies to this question. We recently discussed that statute in *State ex rel Pend-Air v. City of Pendleton*, 145 Or App 236, 929 P2d 1044 (1996), *rev den* 325 Or 45 (1997), in which the trial court denied fees to a prevailing relator in a mandamus proceeding. We held, among other things, that the relator's successful vindication

of a broad-based public interest, in that case the proper administration of the initiative process, militated in favor of an award of fees, while the closeness and complexity of the legal issues could permit an exercise of discretion to deny fees. After an examination of all of the relevant considerations we concluded that the trial court's action was within its discretion. 145 Or App at 246-51.

Similar considerations lead us to conclude in this case that the trial court acted within its discretion in denying attorney fees to the county. Among the important factors are that the county failed to decide relator's application within the 120 days that ORS 215.428 requires, that the correct interpretation of the relevant county ordinance is not free from doubt, and that the planning commission had in fact interpreted that ordinance in relator's favor at the time that he filed this action. It was reasonable for relator to seek the relief that the statute provides. Although it was not required to do so, the trial court could properly conclude that it was not appropriate to require relator to pay the county's fees when the county's actions were partly responsible for the decision to file the case.

Affirmed on appeal and cross-appeal.