Argued and submitted June 19, peremptory writ affirmed; judgment for costs and attorney fees reversed and remanded for reconsideration October 8, 1997

STATE OF OREGON ex rel,
THE ASPEN GROUP, INC.,
*Respondent,*

*v.*

WASHINGTON COUNTY BOARD OF COMMISSIONERS,
comprised of Kathy Christy, Andrew Duyck,
Kim Katsion, Linda Peters and Roy Rogers,
*Respondent,*

*and*

Margery CRIST,
*Intervenor-Appellant.*

(C96-0369CV; CA A94100)

946 P2d 347

William C. Cox argued the cause and filed the briefs for intervenor-appellant.

Steven R. Schell argued the cause for respondent State of Oregon, ex rel The Aspen Group, Inc. With him on the brief were Karin S. Phalen and Black Helterline.

Alan A. Rappleyea, Senior Assistant County Counsel, waived appearance for respondent Washington County Board of Commissioners, comprised of Kathy Christy, Andrew Duyck, Kim Katsion, Linda Peters and Roy Rogers.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DEITS, C. J.

## DEITS, C. J.

Plaintiff-relator, The Aspen Group, Inc. (plaintiff), brought this mandamus action pursuant to ORS 215.428(7) against various officials of Washington County (collectively county). Plaintiff sought to compel the approval of a preliminary plan for a subdivision,[1] for which plaintiff had applied more than 120 days before bringing this action, and on which the county had not made a final land use decision. The county, in effect, declined to assert defenses in the mandamus action pursuant to ORS 215.428(7)(b). Margery Crist (intervenor) was permitted to intervene in the action to oppose the application and the issuance of the writ. After trial, the court issued a peremptory writ of mandamus requiring the county to grant the approval, subject to specified conditions. Thereafter, plaintiff sought attorney fees from intervenor, but not from the county. The trial court awarded attorney fees against intervenor of approximately $40,000. Intervenor appeals from the issuance of the peremptory writ and from the attorney fee award. We affirm the peremptory writ and reverse and remand the award of attorney fees.

ORS 215.428(1) provides that, subject to some exceptions, a county is required to take final action on a permit application within 120 days after the application is deemed complete. If the county fails to do so, then, under ORS 215.428(7)(b):

"The applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the county comprehensive plan or land use regulations as defined in ORS 197.015. The writ may specify conditions of approval that would otherwise be allowed by the county comprehensive plan or land use regulations."

---

[1] As the parties do, we use the term "preliminary plan" as including the tentative plat and other first-level components in the subdivision application process, but we do so for purposes of this opinion only.

Although the county processed the application and took various actions regarding it, it did not make a final decision within the prescribed time period. Among the actions that the county did take was the development, by its planning staff, of seven pages of approval conditions, setting forth requirements that had to be satisfied before various developmental stages were undertaken or before final approval of the subdivision could be allowed. In its petition for issuance of the writ of mandamus, plaintiff alleged that, *with* those conditions, the approval of the preliminary plan application "would not violate a substantive provision of the county's comprehensive plan or land use regulations." The trial court incorporated the conditions into the peremptory writ. In addition, it imposed three further conditions (or, more correctly, modifications of the county staff's conditions) relating, *inter alia*, to the approval of service plans by the Fire Marshall and approvals by the City of Beaverton in connection with water and sewer services.

■    Intervenor makes several assignments of error pertaining to the substantive merits of the trial court's decision and the issuance of the peremptory writ. Only one of those assignments requires discussion. Under ORS 215.428(5)(a), the 120-day limit in ORS 215.428(1) applies "[o]nly to decisions wholly within the authority and control of the governing body of the county[.]"[2] Plaintiff argues that the time limit of ORS 215.428(1) and, therefore, the mandamus remedy of subsection (7) are not applicable, because bodies and officers other than the county's, *i.e.*, fire district and city authorities, must approve aspects of the proposed development pursuant to the conditions of approval. Intervenor's argument appears to be based on the approval conditions that the trial court imposed, but intervenor also appears to believe that the same or similar involvement by noncounty entities would have been a necessary part of any decision that the county itself might have made to approve the application.

---

[2] ORS 215.428(1) refers to the decisionmaker as the "governing body of a county or its designate," while ORS 215.428(5) refers only to the governing body. No issue is presented that we need address about *which* county bodies or officials were authorized or required to act.

However, the term "decisions" in ORS 215.428(5) refers to the disposition of the permit application itself—in this case the application for approval of the preliminary plan. The fact that entities other than the county may play a part after the county's approval in the applicant's fulfillment of conditions imposed by the county does not mean that the approval of the preliminary plan application was not a decision "wholly within the authority and control * * * of the county" under ORS 215.428(5). The county alone was the authorized decisionmaker regarding the preliminary plan approval.

Similarly, the county remains the sole decisionmaker with respect to the eventual final approval of the subdivision. Plaintiff's fulfillment of the preliminary approval conditions is a prerequisite to the county's final approval. The fact that the involvement of other public bodies may be essential to plaintiff's satisfactory performance of the conditions does not affect the county's role as the body that is responsible for assuring that the conditions have been satisfied and that the application otherwise qualifies for final approval.[3] As intervenor understands ORS 215.428(5), it would make the timeliness requirement of ORS 215.428(1) inapplicable and the remedy provided by ORS 215.428(7) unavailable in any county where any essential services are provided by special districts or other governmental entities besides the county itself. We do not share that understanding. We conclude that intervenor's arguments challenging the issuance of the peremptory writ are without merit.

Two of intervenor's bases for challenging the award of attorney fees against her call for discussion. ORS 34.210(2) provides that, in actions under the "general" mandamus provisions in ORS chapter 34:

"The court in its discretion may designate a prevailing party and award attorney fees, costs and disbursements to the prevailing party * * *."

In *State ex rel Compass Corp. v. City of Lake Oswego*, 135 Or App 148, 898 P2d 198 (1995), we held that that statute

---

[3] It is unnecessary for us to address any other questions concerning the meaning or application of ORS 215.428(5).

applies to mandamus actions under ORS 227.178(7), the analog of ORS 215.428(7) applicable to cities. Under *Compass Corp.*, the attorney fee provision would also apply here.

However, intervenor contends that the Supreme Court's later decision in *Murphy Citizens Advisory Com. v. Josephine County*, 325 Or 101, 934 P2d 415 (1997), is to the contrary.[4] The court said there:

> "The most striking thing about ORS 215.428(7)(b) is that, although it uses the generic term, 'writ of mandamus,' it describes that writ as one 'to compel the governing body or its designate to issue the approval.' Such a writ is, in traditional terms, a *peremptory writ.* Moreover, *the statute does not appear to contemplate procedures that exactly parallel those normally associated with traditional mandamus practice.* In order to fully explain the foregoing propositions, however, it is necessary to give a brief overview of another set of contextual statutes, *i.e.,* those governing traditional mandamus practice." 325 Or at 109 (first emphasis in original; second emphasis supplied).

The court proceeded to explain that, unlike the ORS chapter 34 procedure, with its "traditional distinction" between alternative and peremptory writs, ORS 215.428(7) describes only one writ, which is akin to the peremptory writ under the general statute. After providing that analysis, the court continued in *Murphy Citizens*:

> "The foregoing brings us to the second striking thing about ORS 215.428(7): *the statute does not appear in other respects to contemplate that traditional mandamus procedures will be followed*; it instead contains its own truncated procedure that is described in unique nomenclature." 325 Or at 110 (emphasis supplied).

The court then discussed further aspects of the statutes but, again, the discussion pertained to and led to its reiteration of the conclusion that "the only 'writ' that is contemplated by ORS 215.428(7)(b) is *peremptory* in nature." 325 Or at 111 (emphasis in original).

---

[4] We considered a similar argument in *State ex rel Currier v. Clatsop County*, 149 Or App 285, 942 P2d 847 (1997), but found it unnecessary to resolve the question there.

Intervenor appears to read *Murphy Citizens* as standing for the broad proposition that *none* of the provisions in the general mandamus statutes, including the attorney fee provision, is applicable in actions under ORS 215.428(7). Arguably, there is language in *Murphy Citizens* that supports that conclusion. It is not entirely clear to us what view the court took of whether any—and which—provisions in ORS chapter 34 apply to actions under ORS 215.428(7). The court did indicate that the procedures of ORS chapter 34 and ORS 215.428(7) are not *exactly* parallel in all respects. That would seem to connote that the two schemes *are* parallel in *some* respects, despite the fact that some of the court's other language can be read to sweep more broadly. Moreover, all of the specific analysis that the court offered related to pleadings and other procedural dynamics and culminated in its conclusions that the types of writs under the two schemes differ. The court in *Murphy Citizens* did not specifically address the applicability of ORS 34.210(2) or of any provision in the general statutes that is analogous to it. In view of that and the fact that *Murphy Citizens* does not appear to say that the ORS chapter 34 provisions are completely inapplicable to actions under ORS 215.428(7), we adhere to our holding in *Compass Corp.* that ORS 34.210(2) applies in actions under ORS 227.178(7) and ORS 215.428(7).

Intervenor next argues that, even assuming the applicability of ORS 34.210(2), the trial court erred by awarding attorney fees against her here. Initially, intervenor correctly notes that ORS 34.210(2) makes an award of attorney fees discretionary, not mandatory. *State ex rel Currier v. Clatsop County*, 149 Or App 285, 942 P2d 847 (1997). According to intervenor, however, the trial court failed to exercise any discretion, but instead acted on the understanding that plaintiff was entitled to attorney fees simply by virtue of having prevailed in the action. Intervenor bases her contention on the court's statement:

> "[W]here there is a clear winner—and that did occur in this case; there was a clear prevailing party—the legislature has said 'Give them their attorney fees,' and I'm going to do that."

Plaintiff reads the trial court's statement differently from the way that intervenor does, and as demonstrating

that the trial court *did* exercise discretion over whether to award attorney fees against intervenor. We think that intervenor's understanding of the court's statement is more likely correct. Be that as it may, it is clear that, whether the court exercised discretion at all, it did not do so in accordance with ORS 20.075, on which intervenor relies, and which is contrary to a discretionary award of attorney fees based solely on the prevailing status of the party seeking them. ORS 20.075(1) provides:

"A court shall consider the following factors in determining whether to award attorney fees in any case in which attorney fees are authorized by statute and in which the court has discretion to decide whether to award attorney fees:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h) Such other factors as the court may consider appropriate under the circumstances in the case."[5]

---

[5] Subsection (2) of the statute sets forth factors that the court must consider in setting the amount of attorney fees. Subsection (3) confines our review of an award to an abuse of discretion standard.

Intervenor argues that, for reasons both related to that statute and independent of it, this was not an appropriate occasion for an award of attorney fees against her under ORS 34.210(2). She notes first, again correctly, that the mandamus proceeding resulted from *the county's* failure to comply with the statutory requirement of taking final action on plaintiff's application within the 120-day period. Intervenor asserts that the county's failure, taken together with its subsequent election not to defend in the mandamus action itself, had the dual effects of preventing intervenor and other citizens from opposing (or supporting) the application in the required local decisionmaking process that the county neglected to conduct and of leaving opponents with no opportunity to vindicate their position, except for intervention in the mandamus action. *See Crist v. City of Beaverton*, 143 Or App 79, 922 P2d 1253 (1996); *Wallace v. Board of County Commissioners*, 105 Or App 364, 804 P2d 1220 (1991). In addition, intervenor notes, her participation in the action resulted in *some* modification of the conditions of approval by the court that would not have been made had she not appeared in opposition to the issuance of the writ.

Although plaintiff chose to seek attorney fees only from intervenor, the fact remains that the county was a party to this action. It was also the party whose conduct—more than any other's—gave rise to the litigation. It failed to perform its duty of taking final action on the application within the time prescribed by law. *See Crist*, 143 Or App at 82. Insofar as the county's nonfeasance was the principal reason necessitating the action, the fact that plaintiff has chosen not to claim attorney fees from the *county* does not make the consideration described in ORS 20.075(1)(a) any the less a factor that weighs against an award of attorney fees from *intervenor*. If her conduct contributed to the need for the litigation at all, she was not the sole or main contributor to that need, and the county's contributing conduct was—in the statute's word—"illegal." *See* note 7.

Having failed to make a timely decision on the application, the county then chose to offer no defense pursuant to ORS 215.428(7)(b) in the mandamus action. That being so, intervenor sought to appear and present the defense that the county did not. *See Wallace*. As we have noted, the net effect

was a modification of the conditions of the approval that the court ordered the county to give. Under those circumstances, the chilling effect on good faith claims and defenses, which ORS 20.075(1)(c) makes a relevant consideration, also weighs against an award of attorney fees against intervenor.

Plaintiff appears to argue that the court's modifications of the approval conditions were *de minimus*. That may or may not be so, but it is of no significance. The object of ORS 20.075(1)(c) is to avoid the deterrence of good faith claims or defenses and, on the other side of the coin, the object of subsection (1)(d) is to deter the assertion of meritless claims and defenses. A claim or defense need not be one that inflicts humiliating and total defeat on the opposition in order for it to qualify under the good faith criterion and to avoid the "meritless" label. Intervenor does not claim to be the prevailing party and she is not *seeking* attorney fees; she is seeking to *avoid* them and, under ORS 20.075(1)(c) and (1)(d), the fact that plaintiff came away from the action with *anything* less than it sought militates in intervenor's favor.[6]

We do not imply that attorney fees categorically *cannot* be awarded against intervenors in ORS 215.428(7) actions, or even that the trial court *may not* find bases for a discretionary award in this case. We do hold that discretion must *be exercised,* and it must be exercised in accordance with the criteria in ORS 20.075(1). We also conclude, consistently with the apparent premise of intervenor's arguments, that an award of attorney fees against an intervenor in an action under ORS 215.428(7) presents unique problems, especially when no attorney fees are sought from or awarded against the county. We reiterate that there can *be* no successful mandamus action under that statute unless *the county* has violated the statutory requirement.[7]

---

[6] We note that intervenor's opposition to the application, far from being limited to the approval conditions, was aimed at almost everything about it. It is also questionable whether the trial court's modifications themselves were *fully* attributable to any points that intervenor made. There is no question, however, that if intervenor had not appeared to defend in the action, there would have been no modifications. Again, the question is not whether intervenor "won the case"; she clearly did not. The question is whether her participation was of a kind that future prospective litigants should be discouraged from undertaking. For the reasons given in the text, the answer to that question is also no.

[7] A mandamus action under ORS 215.428(7) is not a procedure that the legislature established to provide counties with an alternative to making the land use

Peremptory writ affirmed; judgment for costs and attorney fees reversed and remanded for reconsideration not inconsistent with this opinion.

---

decisions that ORS 215.428(1) and other statutes require. It is a remedy that the legislature created to deal with circumstances where counties have failed to make the decisions that those statutes require them to make.