## KALMIOPSIS AUDUBON SOCIETY
## OF CURRY COUNTY,
*Petitioner,*

*v.*

## CURRY COUNTY
and Patricia Coke,
*Respondents.* ·

## (LUBA 94-056; CA A85620)

884 P2d 894

Neil S. Kagan argued the cause and filed the brief for petitioner.

Bill Kloos argued the cause for respondent Patricia Coke. On the brief were Allen L. Johnson and Johnson & Kloos.

M. Gerard Herbage waived appearance for respondent Curry County.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

### DEITS, P. J.

Petitioner seeks review of LUBA's dismissal of its appeal from Curry County's order approving a partition of and nonresource dwellings on property in a timber zone. We affirm.

We take the facts that are relevant to our discussion from LUBA's opinion:

"The subject property is zoned Timber. The Curry County Board of Commissioners adopted Order No. 9462 (Order One), which became final on February 16, 1994, approving a partition of, and three nonresource dwellings on, the subject property. No appeal of Order One was filed with this Board. Sometime after Order One became final, the county discovered that Order One included two identical pages of findings and, correspondingly, omitted a page of approved findings. In other words, Order One has two consecutive pages with the same page number, the proper page having been inadvertently omitted. Upon discovering the mistake, the county planning department removed the duplicate page and inserted the correct page. Thereafter, on March 17, 1994, the county mailed copies of the properly collated decision to the parties (Order Two). On April 6, 1994, a notice of intent to appeal was filed [by petitioner] with this Board challenging Order Two.

"The signature pages of Order One and Order Two are identical. Both decisions are dated February 7, are signed by two county commissioners, and the signature line for the third county commissioner is blank on both orders. The substance of the two decisions [is] the same, except that the duplicate findings pages in Order One are corrected in Order Two in favor of the sequence of findings adopted by the county during the original proceedings on the disputed application. The headings on Orders One and Two are the same except for three things. Order Two has 'Amended Order' typed on the top of the caption; in the blank following 'Order No.' Order Two has the number 9473; and, underneath that line, the following words are typed: 'Replaces [Order One] Filed 9 Feb. 1994.' "

We add only that both of the orders, with the one-page difference, exceed 30 pages in length.

LUBA granted respondent Coke's motion to dismiss the appeal, on the ground that order one, from which petitioner never appealed, was a final land use decision and an appealable event. ORS 197.015(10)(a)(A); ORS 197.830. LUBA further concluded that the second order, from which petitioner purported to appeal, was a mere clerical correction, which did not supersede the first order as the final and appealable one and did not extend the time for appealing from the first order. Moreover, as the facts we have quoted from LUBA's opinion show, petitioner's appeal from the *second* order was initiated more than 21 days after the county's *first* order became final and appealable according to LUBA. Under ORS 197.830(8), 21 days is the allowable time for appealing to LUBA from a final land use decision.

■ ▪ LUBA's rule, codified at OAR 661-10-010(3), provides:

> " 'Final decision': A decision becomes final when it is reduced to writing and bears the necessary signatures of the decision maker(s), unless a local rule or ordinance specifies that the decision becomes final at a later time, in which case the decision is considered final as provided in the local rule or ordinance."

*See also Columbia River Television v. Multnomah Co.,* 299 Or 325, 702 P2d 1065 (1985).

Under that rule, the first order would clearly be final in the absence of a county rule or ordinance prescribing a later time of finality. Petitioner contends that there is such a county provision. The thrust of petitioner's argument concerning the county provision is that it requires that *all* findings that support a decision must be included in an order as a prerequisite to finality; because the omitted page contains findings that were not included in the first order, petitioner reasons that it was not final. Petitioner made no such argument relating to the county legislation to LUBA, and we decline to consider the argument as it bears on that legislation.

Insofar as petitioner's argument is meant to go beyond the local provision and state a general principle of finality, we reject it. We have made the point on several occasions that the absence of necessary findings or other

required components in a local decision is not pertinent to whether it is appealable to LUBA, but instead pertains to whether the decision is erroneous and reversible by LUBA on appeal. *See, e.g., Sauvie Island Agricultural v. GGS (Hawaii), Inc.*, 107 Or App 1, 6-7, 810 P2d 856 (1991); *Doughton v. Douglas County*, 90 Or App 49, 52-53, 750 P2d 1174 (1988). Here, as in *Smith v. Douglas County*, 98 Or App 379, 382, 780 P2d 232, *rev den* 308 Or 608 (1989), "[p]etitioner confuses the questions of whether the * * * decision was final and whether it was wrong." We agree with LUBA that the first order was final and appealable and that no appeal, timely or otherwise, was taken from it.

■     The parties' arguments about the second order are essentially mirror images of their arguments regarding the first. LUBA appears to have concluded that the second order was not an appealable decision. We need not decide that question. The first order was appealable, and it could have been reviewed by LUBA in all of its particulars had an appeal been brought. Assuming *arguendo* that the second order was *also* appealable, the only issues that petitioner could have raised in an appeal from it would be those that could not have been raised in an appeal from the first. *Beck v. City of Tillamook*, 313 Or 148, 831 P2d 678 (1992). Petitioner does not suggest that the issues it elected to raise in its appeal concerned matters that were peculiar to the page omitted from the first order or matters that could not reasonably have been raised in the absence of that page. LUBA stated that "[p]etitioner's challenges could have been, but were not, made in an appeal of Order One." Petitioner does not contend otherwise, and it demonstrates no error.[1]

Affirmed.

---

[1] Petitioner does not imply that this was a situation involving a tactic designed to evade review or otherwise abort its procedural rights. Our ability to provide redress in such situations, should they arise, has often been demonstrated. *See Flowers v. Klamath County*, 98 Or App 384, 780 P2d 227, *rev den* 308 Or 592 (1989); *League of Women Voters v. Coos County*, 82 Or App 673, 729 P2d 588 (1986).