Argued and submitted April 24, affirmed May 15, petition for review denied October 22, 1996 (324 Or 322)

# LLOYD DISTRICT COMMUNITY ASSOCIATION,
## *Petitioner,*

*v.*

# CITY OF PORTLAND
## and Legacy Health System,
## *Respondents.*

## (LUBA No. 95-102; CA A92207)

916 P2d 884

A. Richard Vial argued the cause for petitioner. With him on the brief were Karen J. Johnson and A.R. Vial Associates, P.C. Michael A. Holstun, Senior Deputy City Attorney, argued the cause and filed the brief for respondent City of Portland.

Jack L. Orchard argued the cause for respondent Legacy Health System. With him on the brief were Christen C. White and Ball, Janik & Novack.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioner seeks review of LUBA's dismissal of its appeal from the Portland City Planning Director's determination allowing a "proposed intermediate psychiatric hospital at the former Holladay Park Hospital site," to be operated as an adjunct of the state mental hospital. We affirm.

The Director's determination was made as an administrative action, without hearing or related procedures at the city level. As explained in the Director's February 21, 1995, memorandum to City Commissioner Hales, "the proposed use falls within approvals which were previously granted," and "no further land use review is required at this time." Although the planning bureau furnished a copy of the February 21 memorandum to petitioner, petitioner did not pursue an appeal to LUBA from the Director's action.

On March 29, 1995, petitioner's attorney sent a letter to the Planning Director requesting that the proposed use be evaluated through a quasi-judicial city review process known as a Type III proceeding. On May 1, the Director denied petitioner's request for a Type III review, reiterating the same reasoning included in the February 21 determination. On May 9, the planning bureau issued a "Notice of Use Determination," again reiterating and notifying interested persons of the determination. That document closed by advising that an appeal to LUBA could be filed within 21 days from its date. Petitioner filed this appeal to LUBA within 21 days of May 9, which, of course, was not within the 21-day appeal period following the February 21 determination.

Respondents moved to dismiss the appeal on a number of grounds, including that petitioner's appeal was not timely filed. LUBA allowed the motion. It reasoned, *inter alia*, that if any appealable land use decision was made, it was embodied in the February 21 memorandum. LUBA noted that the city's misadvice in the May 9 document that an appeal could be taken to LUBA within 21 days from that date "cannot extend the [21-day] deadline for appealing a previous final land use decision in contravention of state law. ORS 197.830(8)." LUBA then added the caveat:

"[H]ad the May 9, 1995 notice been an individual's or group's first notice of the earlier determination, an appeal would have been timely if it had been filed within 21 days of that actual notice."

However, LUBA held that because petitioner had received contemporaneous notice of the February 21 determination, its time for appealing ran from the date of that notice rather than from May 9.

■       We agree with LUBA. Whether or not the determination was a correct one, the Planning Director *did* make a determination on February 21 that the proposed use was permissible under the previous land use actions and that no hearing or further local appeals were available. Under ORS 197.830(3)(b), petitioner had a right to seek review of that decision within 21 days of obtaining actual knowledge of it. Petitioner, however, chose not to do so. Rather than seeking review by LUBA of that decision, it attempted to persuade the city to have a Type III hearing. As noted above, the city denied that request and reiterated its earlier decision in its May 9 notice. Petitioner's attempt to persuade the city to conduct hearings on the matter cannot change the fact that the city made a final decision on February 21.

■       We agree with LUBA that no timely appeal was taken to it from any appealable city decision. We emphasize in particular our agreement with LUBA's caveat, noted above, that if the May 9 notice was a person's first notice of the city's determination, the person would have 21 days from that date to appeal the decision. We held in *League of Women Voters v. Coos County*, 82 Or App 673, 729 P2d 588 (1986), and have also made the point elsewhere, that the time for appeal to LUBA is tolled by a local government's failure to give or delay in giving a required notice of its decision. However, as discussed above, petitioner did have notice of the February 21 determination far more than 21 days before it appealed.

■ ■       Petitioner argues that the February 21 memorandum did not provide adequate notice that it was, in fact, an appealable decision by the city. It may be implicit in *League of Women Voters* and related decisions that, if a notice is not sufficient in form and substance to alert the recipient that a

final action has been taken and that the time for an appeal to LUBA has begun to run, the appeal time would be tolled. However, we do not agree with petitioner that the February 21 memorandum here was deficient in those regards: It stated in clear terms that the use was allowed and that no further city appeal procedures were available.[1]

The other issues that petitioner raises require no discussion.

Affirmed.

---

[1] Because we conclude that the appeal was untimely, we need not consider whether LUBA also lacked jurisdiction for other reasons.