Submitted on record and briefs December 3, 1997, affirmed January 7, petition for review denied April 7, 1998 (327 Or 83)

Christopher Neil VAN HALEWYN,
*Petitioner,*

*v.*

CITY OF HILLSBORO,
*Respondent,*

*and*

Gail MADSEN
and Karen Walker,
*Respondents.*

Dale Webb KENT,
*Respondent,*

*v.*

CITY OF HILLSBORO,
*Respondent,*

*and*

Gail MADSEN
and Karen Walker,
*Respondents.*

(LUBA Nos. 97-042, 97-043; CA A99675)

952 P2d 564

Chris van Halewyn, *pro se*, filed the brief for petitioner.

Lawrence R. Derr filed the brief for respondents Gail Madsen and Karen Walker.

No appearance for respondents City of Hillsboro and Dale Webb Kent.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DEITS, C. J.

**DEITS, C. J.**

Petitioner seeks review of LUBA's dismissal of his appeal from the City of Hillsboro's decision granting a conditional use permit to respondents Madsen and Walker to convert a church facility into a conference center. The city made its final decision on February 18, 1997, but the city did not provide notice of the decision to petitioner until February 28. He filed his notice of intent to appeal to LUBA on March 19, more than 21 days after the city made the decision, but slightly less than 21 days after petitioner was given the notice. Relying on our decision in *Wicks-Snodgrass v. City of Reedsport*, 148 Or App 217, 939 P2d 625, *rev den* 326 Or 59 (1997), LUBA held that the 21-day period that ORS 197.830(8) allowed for appealing the decision ran from the time of the city's decision, not its notice, and that the appeal was therefore untimely.

Petitioner's only contention to us is that *Wicks-Snodgrass* should not be applied retroactively to appeals such as his that had been filed before we decided that case. Petitioner notes, correctly, that *Wicks-Snodgrass* overruled *League of Women Voters v. Coos County*, 82 Or App 673, 729 P2d 588 (1986), where we had held that the 21-day appeal period is tolled in at least some circumstances until the local decisionmaker provides notice of the decision to the party seeking to appeal it.

The parties cite a number of Oregon cases and one case from outside the jurisdiction to support their differing views of when and whether a judicial decision that overrules a previous decision should be applied "retroactively" to pending cases on which the existing precedent had some significant bearing at the time that it was overruled. *See, e.g., Falk v. Amsberry*, 290 Or 839, 626 P2d 362 (1981); *Dean v. Exotic Veneers, Inc.*, 271 Or 188, 531 P2d 266 (1975).

In *Wicks-Snodgrass*, 148 Or App at 224, we noted that *League of Women Voters* differed "in a fundamental respect" from certain other cases to which we expressly adhered in *Wicks-Snodgrass*. We explained that, unlike those cases, *League of Women Voters* "relates to a statute that is 'jurisdictional' in the most basic of senses, *i.e.*, if its time

requirement is not met, *no* further inquiry by LUBA or us is permissible." (Emphasis in original.) *League of Women Voters* differs in that same way from the other Oregon cases on which petitioner relies here. ORS 197.830(8) and related statutes are the source of and contain the limitations on LUBA's and, derivatively, our jurisdiction and authority to act. *League of Women Voters* was not an independent grant of jurisdiction or authority, but was simply an interpretation of the jurisdictional statute by this court. Insofar as *League of Women Voters* interpreted the statute wrongly, as we held in *Wicks-Snodgrass* that it did, it cannot be relied upon prospectively or retrospectively to enlarge the jurisdiction that the legislature has defined and conferred in this area of adjudication that is wholly a creature of statute.

As noted, petitioner also relies on one case from outside the jurisdiction, *George v. Comacho*, 119 F3d 1393 (9th Cir 1997). To whatever extent the court's majority opinion in that case can correctly be read to say anything contrary to what we have said above, we do not agree with it.

Affirmed.