Argued and submitted October 21, 1997, judgment for attorney fees reversed; otherwise affirmed January 21, 1998

STEVEN R. WAGY,
*Appellant,*

*v.*

Nicholas ARMENAKIS,
Superintendent, Oregon State Correctional Institution,
Larry Daniels, Institution Based Records Office,
Dianne Middle, Oregon Board of Parole
and Post-Prison Supervision,
*Respondents.*

(96C-11180; CA A94524)

953 P2d 428

Lester E. Seto argued the cause and filed the brief for appellant.

Robert E. Sabido, Assistant Attorney General, argued the cause for respondents. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before De Muniz, Presiding Judge, Deits, Chief Judge, and Haselton, Judge.

HASELTON, J.

**HASELTON, J.**

Plaintiff appeals from a judgment under ORS 34.700, dismissing a writ of habeas corpus on the ground that plaintiff's petition was barred by claim preclusion[1] and awarding defendants attorney fees of $100 pursuant to ORS 34.370(2)(b)(A). We affirm the dismissal but reverse the award of attorney fees, because ORS 34.370(2)(b)(A) does not authorize an award of attorney fees where dismissal occurs *after* a writ of habeas corpus has issued.

Plaintiff was convicted in 1990 of a variety of misdemeanors, including unauthorized use of a motor vehicle, and placed on probation for five years. In 1991, plaintiff's probation was revoked, and he was sentenced to imprisonment for a term not to exceed five years.

In January 1996, plaintiff filed a petition for a writ of habeas corpus (Marion County Circuit Court No. 96C-10266), asserting that the trial court lacked authority to impose a five-year indeterminant sentence upon revocation of probation. On February 6, 1996, defendants moved to dismiss that action, asserting that the circuit court did not exceed its authority in imposing that sentence.

On April 3, 1996, while defendants' motion to dismiss in No. 96C-10266 was still pending, plaintiff filed a second petition for habeas corpus (Marion County Circuit Court No. 96C-11180). This appeal arises from the ultimate disposition of that second proceeding.

In his second petition, plaintiff alleged that defendants had erroneously computed his commencement date, parole release date, statutory good time expiration date, and maximum discharge date so as to improperly extend his confinement and that, consequently, his continued confinement was unlawful. On April 18, 1996, the circuit court issued a writ of habeas corpus in the second proceeding directing defendant Armenakis to file a return. ORS 34.370(2)(b)(C).

---

[1] Although the parties in their briefs use the term *"res judicata,"* we use the term "claim preclusion" in conformance with the Supreme Court's instruction. *See Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990).

On May 7, 1996, the circuit court dismissed the first proceeding, No. 96C-10266.[2] In so doing, the court expressly adjudicated the merits of plaintiff's "unlawful sentence" claim. Following that dismissal, defendants moved to dismiss No. 96C-11180, asserting that, given the dismissal of the first proceeding, the second was barred by claim preclusion. In particular, defendants asserted that, because plaintiff's claims in the second proceeding were "raised or raisable" in the first, *see Barber v. Gladden*, 215 Or 129, 133, 332 P2d 641 (1958), the adjudication of the first proceeding necessarily precluded the second. On August 1, 1996, the court granted defendants' motion to dismiss. At the same time, it ordered plaintiff to pay defendants attorney fees in the amount of $100 pursuant to ORS 34.370(2)(b)(A).[3]

Plaintiff raises two assignments of error: (1) The trial court's dismissal based on claim preclusion was erroneous, because the issues presented in the second proceeding were different from those presented in the first; and (2) in all events, the court erred in awarding attorney fees.

■ Plaintiff's first assignment depends on the application of ORS 34.710. That statute provides, in part:

"No question once finally determined upon a proceeding by habeas corpus shall be reexamined upon another proceeding of the same kind."

Plaintiff asserts that, because the issues presented in the second proceeding were different from those in the first, the "question" presented in the second proceeding was not "finally determined" in the first. Although plaintiff's argument is linguistically plausible, the Supreme Court has endorsed a much broader construction of the "question" for purposes of ORS 34.710:

"This statute is a legislative declaration that the principle of [claim preclusion] is applicable to habeas corpus proceedings. That principle precludes the relitigation not only of

---

[2] Plaintiff appealed that dismissal, and we affirmed that disposition. *Wagy v. Armenakis*, 148 Or App 70, 939 P2d 173, *rev den* 326 Or 59 (1997).

[3] Defendants, in moving for dismissal, requested attorney fees pursuant to ORS 20.105 or ORS 34.370(2)(b)(A). The trial court, in allowing attorney fees, did so exclusively under ORS 34.370(2)(b)(A). On appeal, defendants do not renew their argument that they are entitled to fees under ORS 20.105.

matters actually determined in a prior proceeding but also matters which could properly have been determined in such earlier proceeding." *Barber*, 215 Or at 133.

Plaintiff urges us to reexamine *Barber*'s "raised or raisable" principle: "The present efficacy of *Barber* is clearly questionable when applied to the circumstances of this case." However, we are an intermediate appellate court, and *Barber* is a decision of the Supreme Court; the kind of reexamination plaintiff seeks lies there. Here, there is no question that the issues presented in the second proceeding were raisable in the first—indeed, the second proceeding was filed while the first was still pending—accordingly, the trial court did not err in dismissing on the basis of claim preclusion.

The trial court awarded attorney fees of $100 pursuant to ORS 34.370(2)(b)(A). ORS 34.370(2) provides, in part:

"(2)   Upon the issuance of a show cause order under subsection (1) of this section, the following shall apply:

"* * * * *

"(b)   The judge shall rule on the show cause order within seven days after either the defendant files a written appearance in opposition or the appearance period expires, whichever comes first. Upon making a ruling, the judge shall do one of the following, as appropriate:

"(A)   If the petition is a meritless petition, issue a judgment denying the petition and ordering the petitioner to pay the cost of attorney fees incurred by the defendant. In no case shall the award of attorney fees exceed $100. The fees may be drawn from, or charged against, the inmate's trust account.

"(B)   Issue a judgment granting appropriate habeas corpus relief.

"(C)   Issue a writ of habeas corpus requiring that a return be made."

Plaintiff contends that an award of fees under ORS 34.370(2)(b)(A) was inappropriate because that subsection contemplates an award of fees when a petition is dismissed before a writ of habeas corpus issues. Here, in contrast, dismissal occurred only *after* the court issued a writ of habeas

corpus. In those circumstances, plaintiff asserts, ORS 34.370-(2)(b)(A) is inapposite.

Plaintiff is correct. ORS 34.370(2)(b) posits three alternative dispositions after the court rules on an order to show cause: dismissal, with an award of fees not to exceed $100; issuance of a judgment granting habeas corpus relief; or issuance of a writ of habeas corpus requiring the defendant to make a return. Those are distinct and mutually exclusive dispositions. Here, the trial court invoked the third option—and, in doing so, foreclosed the first.

■ Defendants argue, nevertheless, that, under ORS 34.370(5), the court retained the ability to subsequently award fees. That provision reads as follows:

> "Issuance of the writ under subsection (2) of this section shall not bind the court with respect to any subsequent rulings related to the pleadings of the parties or the ultimate disposition of the proceeding."

As we understand defendants' argument, subsection (5) is a sort of "catch-all" that confers an independent entitlement to relief, including attorney fees. We disagree. ORS 34.370(5) merely provides that the issuance of a writ under ORS 34.370(2)(b) does not preclude the court from ultimately granting the relief to which a party would otherwise be entitled. Thus, subsection (5) does not confer an entitlement to fees. The only provision of the habeas corpus statutes that does confer an independent entitlement to fees is ORS 34.370(2)(b)(A), and that statute applies only when the trial court dismisses the petition when it rules on the show cause order. That did not occur here. Consequently, ORS 34.370-(2)(b)(A) is inapposite, and so, by extension, is ORS 34.370(5).

Judgment for attorney fees reversed; otherwise affirmed.