Argued and submitted April 22, affirmed May 13, 1998

OREGON DEPARTMENT OF TRANSPORTATION,
*Respondent,*

*v.*

CITY OF OREGON CITY,
*Petitioner.*

(LUBA No. 97-046; CA A100949)

959 P2d 615

Daniel Kearns argued the cause for petitioner. With him on the brief was Preston Gates & Ellis LLP.

John T. Bagg, Assistant Attorney General, argued the cause for respoondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Riggs, Presiding Judge, and Deits, Chief Judge, and Landau, Judge.

DEITS, C. J.

**DEITS, C. J.**

The City of Oregon City seeks review of LUBA's decision remanding a comprehensive plan amendment and zone change. The city's only assignment is that LUBA erred by denying its motion to dismiss the Oregon Department of Transportation's (ODOT) appeal from the city's action.

The city contended in its motion that the appeal to LUBA was untimely under ORS 197.830(8), which provides:

"A notice of intent to appeal a land use decision or limited land use decision shall be filed not later than 21 days after the date the decision sought to be reviewed becomes final. A notice of intent to appeal plan and land use regulation amendments processed pursuant to ORS 197.610 to 197.625 shall be filed not later than 21 days after the decision sought to be reviewed is mailed to parties entitled to notice under ORS 197.615."

We quote extensively from LUBA's discussion of the motion and its bases for the denial:

"The challenged decision became final on February 19, 1997, and notice of the decision was mailed March 3, 1997. [ODOT] filed its notice of intent to appeal on March 24, 1997, 32 days after the challenged decision became final, but within 21 days of the date the city mailed notice of the decision. The city argues that, under *Wicks-Snodgrass v. City of Reedsport*, 148 Or App 217, 939 P2d 625[, *rev den* 326 Or 59] (1997), [ODOT] cannot rely upon the date of mailing to satisfy ORS 197.830(8).

"[ODOT] responds that *Wicks-Snodgrass* is inapposite because it involved a notice of intent to appeal a land use decision filed under the first sentence of ORS 197.830(8). [ODOT] argues that the present case involves an amendment to a comprehensive plan and land use regulation, and therefore the appellate deadline is governed by the second sentence of ORS 197.830(8), which permits filing of a notice of intent to appeal within 21 days 'after the decision sought to be reviewed is mailed to parties entitled to notice under ORS 197.615.' [ODOT] asserts that it is a party entitled to notice under ORS 197.615.

"At oral argument, the city replied that it did not process the present application under ORS 197.610 to 197.625,

nor did [ODOT] receive notice pursuant to ORS 197.615. The city thus argues that the appeal period in [the] first sentence of ORS 197.830(8) applies rather than the appeal period in the second sentence. We disagree. The city does not dispute that it was statutorily required to and should have processed the application under ORS 197.610 to 197.625, and provided the notice required by those statutes. The stated purpose of the second sentence of ORS 197.830(8) is to give interested parties 21 days after mailing the notice of decision to file a notice of intent to appeal when a local government proposes to amend its plan or land use regulations. The city's procedural error in *failing* to follow the requirements of ORS 197.610 to 197.625 does not reduce the statutory appellate period." (Emphasis in original.)

We agree with LUBA's analysis. *See Orenco Neighborhood v. City of Hillsboro*, 135 Or App 428, 899 P2d 720 (1995).

The city argues, however, that LUBA misunderstood its argument. According to the city, it followed all *applicable* requirements of ORS 197.610 to ORS 197.625, but that "no party, and especially not ODOT, requested notice of the city's decision." *See* ORS 197.615(2). Therefore, the city reasons, no party was entitled to notice under ORS 197.615, the mailing requirements of that statute were inapplicable, and the time for appeal under ORS 197.830(8) ran from the time of the city's decision rather than the time it mailed the notice. ODOT answers that ORS 197.615(1) requires notice of a post-acknowledgment amendment to a comprehensive plan or land use regulation to be mailed to the Director of the Department of Land Conservation and Development, even when no other person is entitled to notice under other provisions of ORS 197.615. Stated another way, there is *always a* mailing requirement under ORS 197.615, from which the time for appealing post-acknowledgment plan and regulation amendments is to be measured under ORS 197.830(8). ODOT also contends that that time for appealing to LUBA applies to any person with standing to appeal, and not only to the person or persons who are entitled to notice under ORS 197.615. We agree with ODOT's argument.

Affirmed.