Argued and submitted September 25, affirmed November 4, 1998

Bruce HUGO,
*Respondent,*

*v.*

COLUMBIA COUNTY,
*Respondent,*

*and*

John A. PETERSEN
and Tide Creek Rock, Inc.,
*Petitioners.*

(LUBA No. 98-035; CA A102789)

967 P2d 895

Agnes Marie Petersen argued the cause for petitioners. With her on the brief was Van Natta & Petersen.

Michael F. Sheehan argued the cause and filed the brief for respondent Bruce Hugo.

No appearance for respondent Columbia County.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

DEITS, C. J.

## DEITS, C. J.

Petitioners[1] seek review of LUBA's remand of Columbia County's approval of petitioners' application to increase the area of their mining operation that is exempt from the county's surface mining ordinance regulations from 40 acres to 160 acres. We affirm.

We quote the relevant facts from LUBA's opinion:

"[Petitioners] operate a 40-acre [surface] mining operation under a limited exemption certificate (certificate) granted by the county. A certificate exempts surface mining operations that existed before 1972 from compliance with the regulatory requirements of the county's Surface Mining Ordinance (SMO).

"The SMO was adopted in 1972 and amended in 1990. In Petersen v. Columbia County, [33] Or LUBA [253, 257] (1997), we determined that the SMO is a land use ordinance and that decisions made under it are land use decisions. Under the SMO, a certificate must be renewed every year in the same manner as operating permits. Applications to renew certificates or permits are reviewed by a Surface Mining Advisory committee (committee), which makes recommendations to the county board of commissioners (commissioners). The commissioners make a decision on the application during a 'public meeting,' but are not required to hold a hearing. SMO 2.3(3). Notice of the decision is sent to the landowner or applicant. Landowners or applicants adversely affected by the decision may appeal the decision to the commis-[f]sioners and receive an evidentiary hearing. Notice of the[f]hearing is sent to the appellant. At the hearing, only the[f]appellant may present evidence and argument; the commissioners are not required to consider evidence or testimony from other persons. SMO 3.4(3).

"The subject property is a 160-acre tract, approximately five acres of which was mined in 1972. In 1994, the commissioners granted [petitioners] a certificate to operate exempt surface mining on 40 acres. In June 1997, [petitioners]

---

[1] We refer to the parties as they are designated on review before this court.

applied to expand the exempt surface mining activity sub-
ject to the certificate to 160 acres. The committee recom-
mended approval, and the commissioners conducted pro-
ceedings on July 23, 1997, pursuant to SMO 2.3. Notice of
the proceeding was sent only to [petitioners]. At that pro-
ceeding, the commissioners permitted intervenors and oth-
ers supporting the application to present evidence and tes-
timony supporting approval, but refused permission for
[respondent Hugo] and others present at the proceeding to
present evidence and argument opposing the application.

"On December 10, 1997, the commissioners conducted
another proceeding where, again, proponents of the appli-
cation offered evidence and testimony, but the commission-
ers refused permission for anyone to present evidence and
testimony opposing the application. Letters from opponents
arguing that the county's proceedings violated the provi-
sions of ORS 197.763 and ORS 215.422 were not accepted
into the record."

The county granted petitioners the expanded
exemption that they sought, and respondent Hugo appealed
to LUBA. Petitioners argued to LUBA that respondent
lacked standing to appeal, because he was not "adversely
affected," within the meaning of ORS 197.830(3). That stat-
ute provides:

"If a local government makes a land use decision with-
out providing a hearing or the local government makes a
land use decision which is different from the proposal
described in the notice to such a degree that the notice of
the proposed action did not reasonably describe the local
government's final actions, a person adversely affected by
the decision may appeal the decision to the board under this
section:

"(a) Within 21 days of actual notice where notice is
required; or

"(b) Within 21 days of the date a person knew or
should have known of the decision where no notice
is required."

Respondent contended, however, that he had stand-
ing by virtue of ORS 197.830(2), which provides:

"Except as provided in ORS 197.620(1) and (2), a person may petition the board for review of a land use decision or limited land use decision if the person:

"(a)   Filed a notice of intent to appeal the decision as provided in subsection (1) of this section; and

"(b)   Appeared before the local government, special district or state agency orally or in writing."

LUBA agreed with respondent, explaining:

"We need not address whether the county's refusal to allow [respondent] to participate in the proceedings below renders [respondent] 'adversely affected' for purposes of ORS 197.830(3) because we agree with [respondent] that the two proceedings below were 'hearings' within the meaning of ORS 215.416 and subject to the requirements of ORS 197.763,[2] notwithstanding the county's efforts to characterize them otherwise. We also conclude that [respondent's] efforts to participate in the proceedings below, involving sending letters to the commissioners and making requests to present evidence and testimony during the two hearings, are sufficient to satisfy the requirement that [a] petitioner 'appear before the local government' within the meaning of ORS 197.830(2). Stated differently, the appearance requirement is obviated where the local government fails to abide by the statutorily mandated procedures in a way that precludes [the appealing party's] ability to appear. *Flowers v. Klamath County,* 98 Or App 384, 389, 780 P2d 227[, *rev den* 308 Or 592] (1989). We conclude that petitioner has standing to bring this appeal."

LUBA then turned to the merits and agreed with respondent's arguments that the procedures followed by the county violated ORS 197.763, ORS 215.416 and ORS 215.422. In rejecting petitioners' contrary arguments, LUBA observed:

"ORS 197.763 and 215.416 are designed to ensure that citizens have the opportunity to participate in local land use decisions. That opportunity is a substantive right, perhaps the most fundamental right extended by Oregon's

_____

[2] As relevant here, it suffices to summarize ORS 215.416 as requiring "hearings," and prescribing participatory and other procedures for them, in connection with applications to counties for permits. ORS 197.763, together with ORS 215.416(5), prescribes notice, hearing and other procedural requirements.

land use system. The county's refusal to allow [respondent] and other opponents to participate in the proceedings it conducted denied [respondent] that substantive right."[3]

LUBA remanded the county's decision, and petitioners seek review. We have quoted extensively from LUBA's opinion, and we agree with that opinion in its entirety. We have considered petitioners' arguments challenging LUBA's conclusion on the standing issue and others and do not find that any of those arguments is persuasive. We write only to reemphasize certain points that we have made in earlier cases.

■ In *Flowers v. Klamath County*, 98 Or App 384, 388, 780 P2d 227, *rev den* 308 Or 592 (1989), we rejected a standing argument by the county that was similar in substance to petitioners' argument here. In so doing, we also rejected the county's unspoken premise that,

"although the statutory notice and hearing requirements are mandatory, the violation of the statute makes itself impervious to review, because the failure to provide notice and a hearing substantially defeats the ability to achieve standing to challenge the failure to provide them."

We also said in *Flowers* that "counties must comply with the requirements of ORS 215.416 and related statutes and [we] have consistently rejected arguments that counties may modify or deviate from those requirements." *Id.* at 388; *see Wicks-Snodgrass v. City of Reedsport*, 148 Or App 217, 223-24, 939 P2d 625, *rev den* 326 Or 59 (1997). We reiterate and adhere to our statements in *Flowers*.

We adopt LUBA's opinion, as supplemented by our comments here.

Affirmed.

---

[3] LUBA also agreed with respondent that the county's decision lacked essential findings concerning applicable approval criteria under the SMO and that the county's decision violated the procedural requirements of ORS 215.416 for that additional reason.