Argued and submitted February 16, reversed and remanded in part; otherwise affirmed June 16, 1999

## TERRY THOMPSON,
*Appellant,*

*v.*

## Nicholas ARMENAKIS,
Superintendent,
Oregon State Correctional Institution,
*Respondent.*

(97C-12413; CA A99874 (Control))

## TERRY EARL HARVEY THOMPSON,
*Appellant,*

*v.*

## Nicholas ARMENAKIS,
Superintendent,
Oregon State Correctional Institution,
*Respondent.*

(97C-13984; CA A100633)
(Cases Consolidated)

984 P2d 320

Joseph V. Ochoa, Judge (Judgment dated October 2, 1997); Joseph G. Guimond, Judge (Judgment dated November 5, 1997).

Jay Edwards argued the cause and filed the brief for appellant.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Wollheim and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

This consolidated appeal concerns the dismissal of two habeas corpus cases in which plaintiff asserts that he has obtained inadequate medical care. The first case was dismissed upon motion by the state. The second was dismissed on the court's own motion. We affirm the dismissal of the first, but reverse the dismissal of the second.

Plaintiff is an inmate at the Oregon State Correctional Institution. He is a paraplegic who needs a hospital bed, crutches, a wheelchair, and pain treatment in accordance with medical orders. He filed a petition for a writ of habeas corpus on the ground that respondent refused to meet his ongoing medical needs (CA A99874). A writ issued, the state filed a return, and plaintiff filed a replication. The state then moved to dismiss and offered affidavits that indicated that plaintiff's medical needs were being met. Plaintiff did not offer any evidence to contradict those affidavits. The trial court dismissed the writ.

Plaintiff then filed a second petition for a writ of habeas corpus alleging that the state continued to provide inadequate medical care (CA A100633). On its own motion, the trial court dismissed the second petition on the ground that the claims, "although stated slightly differently, are almost identical to the claims" asserted in the first case.

On appeal, plaintiff contends that the trial court erred in dismissing both cases. We affirm the dismissal of the first case without further discussion. As to the dismissal of the second case, the state concedes that the trial court's dismissal was probably premature and that the case should be remanded. We accept the state's concession. In the second petition, plaintiff alleged facts concerning his medical treatment that occurred during and after the proceedings on the first petition. The claims were not previously asserted and could not have been asserted in the first petition. ORS 34.710; *Wagy v. Armenakis*, 152 Or App 210, 213-14, 953 P2d 428, *rev den* 327 Or 174 (1998). The trial court erred in dismissing the second petition.

Judgment dismissing petition in CA A100633 reversed and remanded; otherwise affirmed.