Argued and submitted September 28, 2004, award of enhanced prevailing party fee
reversed and remanded; otherwise affirmed February 2, 2005

## Reece SHUMAKE,
*Respondent,*

*v.*

## John Randolph FOSHEE,
*Appellant.*

## 01C-15046; A121353

105 P3d 919

Thomas M. Christ argued the cause for appellant. With him on the brief was Cosgrave Vergeer Kester, LLP.

David C. Landis argued the cause for respondent. With him on the brief was Michael B. Dye.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Deits, Judge pro tempore.

LANDAU, P. J.

---

* Brewer, C. J., *vice* Leeson, J. pro tempore.

## LANDAU, P. J.

At issue in this automobile accident case is whether the trial court properly awarded plaintiff an enhanced prevailing party fee. The court awarded such a fee based on a number of findings, including that defendant—through his insurer—engaged in bad faith and deceitful tactics, that defendant lied to plaintiff's attorney about the existence of an estimate of damages, and that defendant employs a computerized method of handling claims that has the effect of taking case evaluation away from individual adjusters and attorneys. We conclude that, as a matter of law, some of the findings are not pertinent to the question whether to award enhanced prevailing party fees and therefore reverse and remand for reconsideration.

The relevant facts are not in dispute. This action arises out of an automobile collision in which plaintiff was injured. Plaintiff asked defendant's liability insurer, Farmers Insurance Company (Farmers), to provide a copy of an estimate of the cost to repair his vehicle. Farmers said that it did not have an estimate of repairs.

Plaintiff offered to settle with defendant for $371.91 in lost wages and $5,128.09 in noneconomic damages, a total prayer of $5,500.00. Defendant, through Farmers, made a counteroffer of $2,771.91. Plaintiff rejected the counteroffer.

Plaintiff filed a complaint alleging $5,500 in damages. The case was transferred to mandatory court-annexed arbitration. The arbitrator ruled in favor of plaintiff, awarding $5,500. Defendant requested a trial *de novo*. At trial, defendant admitted fault but contested damages. The jury awarded $371.97 in economic damages, but only $4,128.00 in noneconomic damages.

Plaintiff petitioned for an enhanced prevailing party fee of $5,000 in addition to his attorney fees. In support of the claim, plaintiff offered an affidavit of Martinez, one of plaintiff's attorneys. Martinez stated that, at the outset of the claim, Farmers employed deceitful tactics that prevented plaintiff from resolving the case. He complained that he had asked Farmers for a repair estimate and photographs of the

vehicles involved in the accident, but Farmers falsely claimed that no estimates existed and simply refused to supply the requested photos. He further complained that, once plaintiff rejected defendant's counteroffer, Farmers refused to engage in further settlement negotiations. He stated that

"[i]t has come to my attention that Farmers Insurance has employed a computerized method of handling injury claims. To this end, once a claim is evaluated that value is final. This has the unfortunate result of removing the decision making out of the hands of adjusters and attorneys who can evaluate the case on its individual merits. This has [led] to a dramatic increase in the number of injury cases on the court dockets, wasting the court's time."

Defendant responded that an enhanced fee was not warranted. Defendant noted that, although the jury's award was approximately $1,700 more than his counteroffer, it was also $1,000 less than plaintiff's demand. As such, he argued, his settlement position was entirely reasonable.

The trial court granted plaintiff's request for an award of prevailing party fees. The trial court made the following findings, which essentially repeat, verbatim, portions of the Martinez affidavit:

"(1) Farmers Insurance employed bad faith and deceitful tactics that prevented plaintiff from resolving this case and wasted this court's resources. This included the instance of Farmers Insurance lying to plaintiff's attorney, denying the existence of an estimate [it] in fact prepared and held in [its] possession.

"(2) The case was tried before an arbitrator * * *. The arbitrator awarded $5,500 plus costs and attorney fees to plaintiff. The defendant filed an appeal. Farmers Insurance never increased the offer in light of the award and the arbitrator's opinion.

"(3) Farmers Insurance employs a computerized method of handling injury claims. To this end once a claim is evaluated that value is final. This has the unfortunate result of removing the decision making out of the hands of the adjusters and attorneys who can evaluate the case on its individual merits. This has [led] to a dramatic increase in the number of injury cases on the courts' dockets needlessly exhausting the court's resources.

"(4) Farmers Insurance evaluated this case at $2,771.91, prior to the filing of the complaint. Following the filing of the complaint Farmers Insurance had, at a minimum, on two separate occasions, an opportunity to reevaluate plaintiff's case, once at the conclusion of depositions and the other at the arbitration hearing. [It] failed to revisit the offer, maintaining [it's] position at the pre-trial conference.

"(5) The crash between the plaintiff and defendant destroyed plaintiff's smaller pick-up. The estimate called for replacement of the bed of the pick-up, repair [of] the cab of the pick-up, and repair [of] the frame. Given the nature of the crash compared to the nature of plaintiff's complaints of injuries, an objectively reasonable person would conclude that plaintiff sustained economic and noneconomic damages in excess of $2,771.91.

"(6) The larger prevailing fee would encourage Farmers Insurance and others to negotiate in good faith, rather than force the parties to exhaust vast amounts of resources to bring forth their claim[s].

"(7) A larger prevailing fee would not discourage others from asserting a good faith defense of a similar case. In the case at bar, Farmers Insurance never negotiated the case in good faith as evidenced in the first finding of fact. Furthermore, once Farmers evaluated the claim, [it] maintained that offer despite receiving new information at various stages of the litigation."

On appeal, defendant assigns error to the enhanced prevailing party fee award. According to defendant, the court erred in concluding that he—through Farmers—acted unreasonably in settlement negotiations. In particular, defendant takes umbrage at the suggestion that the use of a "computer method" to evaluate claims is a basis for awarding a penalty against him. In response, plaintiff argues that, in light of defendant's bad faith and unreasonable settlement tactics, the court did not abuse its discretion in awarding the enhanced prevailing party fee.

ORS 20.190(3) provides that a trial court "may award to the prevailing party up to an additional $5,000 as a prevailing party fee." In determining whether to do so, the court must consider the following factors:

"(a)   The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b)   The objective reasonableness of the claims and defenses asserted by the parties.

"(c)   The extent to which an award of a larger prevailing party fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d)   The extent to which an award of a larger prevailing party fee in the case would deter others from asserting meritless claims and defenses.

"(e)   The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f)   The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g)   Any award of attorney fees made to the prevailing party as part of the judgment.

"(h)   Such other factors as the court may consider appropriate under the circumstances of the case."

ORS 20.190(3).

Before addressing the parties' arguments about whether the trial court erred in awarding plaintiff a prevailing party fee under that statute, we must address the matter of our standard of review. Defendant suggests that our case law on the subject "is not entirely clear." He notes that, in some cases, we have applied an abuse of discretion standard, while in other cases, we have examined a trial court's decision as a matter of law. In this case, he suggests that the error of law standard should apply. Plaintiff, not surprisingly, argues that we should employ an "any evidence" standard or, at the least, an abuse of discretion standard, citing cases in which we have employed each.

■      ORS 20.190(3) provides that the court *may* award an enhanced prevailing party fee after considering the appropriate factors. Thus, the ultimate decision to award—or not to

award—the fee is discretionary, and we review that decision accordingly. *Wright v. Jones*, 155 Or App 249, 252, 964 P2d 1048 (1998) (we review decision whether to award enhanced prevailing party fee "for abuse of discretion").

■ That decision, however, will depend on the trial court's evaluation of the various factors set out in ORS 20.190(3). Some of those factors involve findings of fact concerning the conduct of the parties during the course of the proceedings. *E.g.*, ORS 20.190(3)(a) ("The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, [or] in bad faith[.]"). We will review those findings as we usually review findings of fact in nonequity civil proceedings—that is, for any evidence. *Jones v. Emerald Pacific Homes, Inc.*, 188 Or App 471, 481, 71 P3d 574 (2003) ("We will not reject a trial court's finding [in support of an award under ORS 20.190(3)] if any evidence in the record supports it.").

■ Other factors involve determinations of law, such as those factors involving whether the parties' conduct or positions were "objectively reasonable." We review a trial court's conclusions with respect to those factors as a matter of law. *Secor Investments, LLC v. Anderegg*, 188 Or App 154, 175, 71 P3d 538 (2003) ("[E]ntitlement to fees under ORS 20.105 ultimately depends on the determination of whether plaintiff's claims were not 'objectively reasonable.' That determination is a matter of law.").

Thus, we begin our review by examining the court's determinations with respect to the individual factors on which the court relied in making a decision under ORS 20.190(3). If the court's determinations of law are correct and if the court's findings are supported by some evidence, then we will proceed to the question whether the decision to award or not to award prevailing party fees amounted to an abuse of discretion. If, on the other hand, we determine that the court erred in arriving at one or more of its subsidiary legal conclusions or factual findings, we ordinarily will say so and then remand for reconsideration. That is because, given the discretionary nature of the ultimate decision, it is not for us to second-guess the impact of our ruling on the subsidiary

determinations on the ultimate decision to award or not to award the penalty unless, on the facts of a particular case, our ruling means that there is only one legally permissible decision. *See, e.g., Mantia v. Hanson*, 190 Or App 412, 431, 79 P3d 404 (2003) ("Because the trial court exercised its discretion under ORS 20.190(3) based, in part, on a criterion that we have now determined was inapposite, we remand for the trial court to again exercise its discretion in light of our determination[.]").

With the foregoing principles in mind, we turn to the parties' arguments in this case. We first consider the parties' contentions concerning whether the court's findings concerning Farmers' bad faith are relevant to a finding under ORS 20.190(3)(f) that defendant was objectively unreasonable in pursuing settlement. We have held that a determination of bad faith is immaterial to a determination of whether a party's positions during the course of litigation were "objectively reasonable." *Secor Investments, LLC*, 188 Or App at 174. The objective reasonableness of a settlement proposal commonly requires an evaluation of the following factors:

> "(1) the objectively reasonable likelihood of succeeding on liability, on claims and counterclaims; (2) the objectively reasonable projected range of recovery on claims and counterclaims; (3) the objectively reasonable projected expense of continuing the litigation; and (4) the objectively reasonable likelihood of recouping those costs, including fees, or of exposure for the opposing party's expenses[.]"

*Erwin v. Tetreault*, 155 Or App 205, 214, 964 P2d 277 (1998), *rev den*, 328 Or 330 (1999).

Nevertheless, whether a party's bad faith is relevant to the objective reasonableness of the party's settlement proposals, bad faith may be considered under ORS 20.190(3)(h) as an "other factor" that the court "may consider appropriate under the circumstances of the case." *See Preble v. Dept. of Rev.*, 331 Or 599, 602, 19 P3d 335 (2001) (whether a party took a position in good faith is a proper consideration under parallel provision of ORS 20.075(1)(h), which permits court to consider, in awarding attorney fees, "[s]uch other factors as the court may consider appropriate under the circumstances of the case"). Thus, we cannot say that the court erred as a

matter of law in considering Farmers' bad faith and deceitful tactics.

■       We turn to the question whether the court erred in considering the fact that Farmers relies on a "computerized method of handling injury claims." In brief: The fact that an insurer employs computers in evaluating claims, by itself, is not relevant to any of the factors listed in ORS 20.190(3). Unless there is some evidence that the use of computers in evaluating claims results in objectively unreasonable claim evaluations, we do not understand how the answer could be otherwise. There is nothing inherently unreasonable in using computers. Plaintiff insists that, as the trial court found, reliance on computer claims evaluation "remov[es] the decision making out of the hands of adjusters and attorneys who can evaluate the case on its individual merits." But, unless it can be demonstrated that removing the decision making from the hands of adjusters and attorneys has produced objectively unreasonable claim evaluations or settlement offers, we do not understand how using computers to evaluate those claims is of any legal consequence. No such demonstration is reflected in the court's findings in this case. Because the trial court exercised its discretion under ORS 20.190(3) based, in part, on a consideration we deem to be irrelevant, we remand for the trial court to reconsider in light of our decision. *Mantia*, 190 Or App at 431.

        Award of enhanced prevailing party fee reversed and remanded; otherwise affirmed.