Argued and submitted February 21, affirmed July 12, 2006

Ryo ASATO;
Haruo Ginoza; Yoshiro Nakayama; Makiko Nakayama;
Hiromi Tokuyama; Yoriko Tokuyama; Toyoko Asato,
as guardian ad litem for Hitomi Asato;
and Katsuya Nadoyama,
*Appellants,*

*v.*

Frank T. DUNN, Jr.;
Steve Morando; Morando, Dunn and Kayo,
a general partnership and nominally; and
Vacaville Associates Limited Partnership,
a Nevada limited partnership,
*Respondents,*

*and*

Takaaki KAYO,
*Defendant.*

Haruo GINOZA;
Ayako Ginoza; Shuji Toyama; Ikuo Ota; Koji Tamaki;
Katsutoshi Taira; and Chosei Yamashiro,
*Appellants,*

*v.*

Frank T. DUNN, Jr.;
Steve Morando; Morando, Dunn and Kayo,
a general partnership and nominally; and
Fairfield Associates Limited Partnership,
a Nevada limited partnership,
*Respondents,*

*and*

Takaaki KAYO;
Tadayoshi Kosugi; Hiroko Kosugi; Ayuma Yamada;
Mitchiko Yamada and Yoshihisa Yamada,
*Defendants.*

0205-04751, 0205-04752; A126930

138 P3d 914

Robert J. McGaughey argued the cause and filed the briefs for appellants.

Leslie Johnson argued the cause for respondents Steve Morando and Morando, Dunn & Kayo.

No appearance for respondents Frank T. Dunn, Jr., Vacaville Associates Limited Partnership, and Fairfield Associates Limited Partnership.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

ROSENBLUM, J.

**ROSENBLUM, J.**

These consolidated cases arose out of a dispute between plaintiffs and defendants concerning two limited partnerships organized to invest in real estate. The trial court dismissed plaintiffs' claims as a sanction for discovery violations and awarded defendants an enhanced prevailing party fee. On appeal, plaintiffs make five assignments of error challenging various trial court rulings. We write only to address the first and fifth assignments and reject the others without discussion. We conclude that the trial court did not abuse its discretion in dismissing plaintiffs' claims or in awarding the enhanced prevailing party fee. We therefore affirm.

Plaintiffs, all of whom are Japanese citizens and live in Japan, initiated this action asserting several claims based on their allegation that defendants had engaged in self-dealing. In preparing their case, defendants made several discovery requests, including one for a number of financial and investment-related documents. Defendants also sought to depose each plaintiff. Most of the plaintiffs complied with the deposition request; however, plaintiff Ota refused to comply, citing scheduling complications. Ota sought a protective order allowing him to be deposed by telephone, but the trial court denied the request. Because he refused to travel to Oregon, the court ordered that his claims be dismissed.

The remaining plaintiffs refused to produce the requested financial and investment-related documents. After the trial court issued an order compelling production, plaintiffs persisted in their refusal, so defendants moved for dismissal of plaintiffs' claims as a sanction for the discovery violation. The court granted the motion. The court found that the requested documents could have contained relevant information concerning several "core issues" in the case, including defendants' statute of limitations and laches defenses, the question of plaintiffs' sophistication as investors, whether plaintiffs understood any of defendants' disclosures, and whether they read and understood English. The court also found that the documents could potentially have been used for impeachment of plaintiffs' deposition and trial

testimony. In addition, the court found that plaintiffs had willfully disobeyed the order compelling production. Finally, the court stated that, "[g]iven the importance of these documents to several of defendants' affirmative defenses, there is no lesser sanction that would be appropriate."

After the court entered a general judgment of dismissal, defendant Morando filed a petition for costs and disbursements and an enhanced prevailing party fee of $5,000. The court granted the petition. This appeal followed.

■ In their first assignment of error, plaintiffs argue, among other things, that the trial court erred in dismissing the claims of the plaintiffs other than Ota.[1] They contend that, under *Klau-Med, Inc. v. Bodyworks Medical, Inc.*, 156 Or App 138, 964 P2d 1150 (1998), the court was required to consider lesser sanctions before ordering dismissal.[2] It is important to note that plaintiffs do not assign error to the trial court's order compelling production of the requested documents. Thus, whether the court erred in requiring plaintiffs to produce the documents is not properly at issue. Nor do plaintiffs challenge the trial court's finding, in the order dismissing their claims, that the requested documents could have been important to defendants' affirmative defenses or useful to impeach plaintiffs' testimony.

■ We review a trial court's dismissal of an action as a discovery sanction for abuse of discretion. *Budden v. Dykstra,*

---

[1] Plaintiffs separately argue that the trial court erred in dismissing Ota's claims, asserting that the court did not consider lesser sanctions. However, plaintiffs do not call our attention to anything in the record showing that they preserved that issue before the trial court. *See SAIF v. Harris*, 161 Or App 1, 11, 983 P2d 1066, *rev den*, 329 Or 527 (1999) (holding that, by failing to timely raise the issue before the trial court, the defendant had "waived the right to raise the issue on appeal that the trial court failed to consider less severe sanctions"). Raising the issue with respect to the other plaintiffs did not operate to preserve it with respect to Ota. The trial court had already ordered that his claims be dismissed when plaintiffs requested that the court consider lesser sanctions for the remaining plaintiffs; nothing in that request indicated an objection to the dismissal of Ota's claims on that basis. Because we are unable to determine that plaintiffs preserved the issue with respect to Ota, we do not consider it. *See* ORAP 5.45(4)(c) ("The court may decline to consider any assignment of error that requires the court to search the record to find the error or to determine if the error properly was raised and preserved.").

[2] Plaintiffs make a number of other arguments, all of which we reject without discussion.

181 Or App 523, 529, 47 P3d 49 (2002). In *Klau-Med, Inc.*, we explained the procedural requirements that a trial court must satisfy when imposing the sanction of dismissal:

> "In *Pamplin v. Victoria*, 319 Or 429, 877 P2d 1196 (1994), the Supreme Court held that, when dismissing an action as a sanction for discovery violations, the trial court must make findings sufficient to allow 'meaningful appellate review.' *Id.* at 436. In order properly to assess the propriety of that sanction, the court stated, 'an appellate court needs to know (1) the historical facts on which the trial court based its decision to impose it and (2) the analytical process by which the trial court concluded that dismissal is "just" in view of those facts *and in view of other sanctions that are available.' Id.* at 437 (emphasis added). This court has interpreted that statement to mean that the trial court is required not only to make express findings that the penalized party willfully and knowingly disobeyed the court's orders but also to make express findings that lesser sanctions are not appropriate."

156 Or App at 144-45. We added that the trial court "not only must *consider* those lesser sanctions, it must also provide an analysis *and* explanation of why those lesser sanctions are inadequate." *Id.* at 145 (emphasis in original).

In this case, the trial court's findings belie plaintiffs' assertion that the court did not consider lesser sanctions before dismissing the action. The trial court made a number of findings concerning the relevance of the requested documents, but it specified one fact that it found as the basis for dismissing the action rather than imposing a lesser sanction—namely, the fact that the documents were potentially important to several of defendants' affirmative defenses. The importance of discoverable documents to affirmative defenses is a sufficient ground for dismissal as a sanction for failing to produce the documents. *Pamplin*, 319 Or at 436 ("Prejudice to the party seeking discovery is one reason why dismissal may be 'just[.]' "). Lesser sanctions would not have cured the prejudice to defendants' affirmative defenses that plaintiffs' discovery violation caused.

As noted, plaintiffs do not challenge the trial court's finding. It follows that the court had a sufficient basis—and

adequately explained its reasoning—for dismissing plaintiffs' action. Dismissal was not an abuse of the trial court's discretion.

■　　We turn to plaintiffs' fifth assignment of error. Plaintiffs argue that the trial court erred in awarding defendants an enhanced prevailing party fee of $5,000. Plaintiffs challenge a finding made by the court that plaintiffs never intended to comply with the rules of discovery. They argue that they complied with many discovery requests, noting that a number of plaintiffs traveled from Japan to Oregon to be deposed and that a massive number of documents were produced. Plaintiffs contend that the court's finding is not supported by any evidence.

■■　　In reviewing an award of an enhanced prevailing party fee, we will not reject a trial court's finding if any evidence in the record supports it. *Jones v. Emerald Pacific Homes, Inc.*, 188 Or App 471, 481, 71 P3d 574, *rev den*, 336 Or 125 (2003). We review the trial court's conclusion that the findings justify an enhanced prevailing party fee for abuse of discretion. *Wright v. Jones*, 155 Or App 249, 251, 964 P2d 1048 (1998).

In the order granting the petition for enhanced prevailing party fees, the trial court enumerated several factors that it considered in making the award. The court stated that the "primary factor" in its decision was that plaintiffs had willfully disobeyed the order compelling production of the requested documents. The court also found, among other things, that there was "some indication" that plaintiffs had "filed a lawsuit and never intended to comply with rules of discovery," and that defendants, who had no right to recover attorney fees, had incurred more than $171,000 in litigation expenses. The court reiterated that the "controlling factor" in its decision was plaintiffs' willful failure to comply with the discovery rules.

As noted, plaintiffs challenge the court's finding that "[t]here was some indication that the plaintiffs filed a lawsuit and never intended to comply with rules of discovery."[3] We

---

[3] Plaintiffs also argue that the trial court awarded enhanced prevailing party fees as a disguised means of awarding attorney fees, which were not available in this action. That issue is unpreserved, and we decline to consider it.

acknowledge that, in light of the fact that plaintiffs did comply with a number of other discovery requests earlier in the proceedings, the basis for that finding is not readily apparent. *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 96, 957 P2d 1200, *adh'd to as clarified on recons*, 327 Or 185, 957 P2d 1200 (1998) (meaningful appellate review of a discretionary award of fees requires that the awarding court must identify the relevant facts and legal criteria on which it relies in making the award).

Ordinarily, if one or more of a trial court's subsidiary legal conclusions or factual findings are erroneous, we will remand for reconsideration. *Shumake v. Foshee*, 197 Or App 255, 261, 105 P3d 919 (2005); *cf. Mantia v. Hanson*, 190 Or App 412, 414 n 1, 431, 79 P3d 404 (2003) (remanding for reconsideration of enhanced prevailing party fee, where the trial court had exercised its discretion based in part on a criterion that we determined on appeal to be inapposite, because it was unclear to what extent the award was based on other factors that the court considered). Nevertheless, in this case, we conclude that we need not remand for reconsideration. Plaintiffs do not challenge the finding that the court described as the "primary" and "controlling" factor in its decision—that plaintiffs had willfully disobeyed the order compelling production. Given that the court deemed that factor to be controlling, even if the challenged finding is not supported by any evidence, the outcome on remand would be no different.

Affirmed.