Argued and submitted July 29, 2010, reversed and remanded March 16, 2011

## STATE ex rel Mel STEWART,
*Relator-Appellant,*
*v.*

## CITY OF SALEM,
an Oregon municipal corporation,
*Defendant-Respondent.*

Marion County Circuit Court
09C13661; A142868

251 P3d 783

John W. Shonkwiler argued the cause for appellant. On the briefs was William F. Hoelscher.

Daniel B. Atchison argued the cause and filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

ROSENBLUM, J.

## ROSENBLUM, J.

Relator, Mel Stewart, filed a petition for an alternative writ of mandamus pursuant to ORS 227.179(1), seeking to compel the City of Salem to approve his application under ORS 92.040 to partition his property. Arguing that the petition was filed prematurely, the city moved to dismiss. The trial court agreed and dismissed the petition; relator appeals. The issue on appeal pertains to the date on which relator's application for partition was complete pursuant to ORS 227.178(2). On review for errors of law, *State ex rel West Main Townhomes v. City of Medford*, 233 Or App 41, 43, 225 P3d 56 (2009), *modified on recons on other grounds*, 234 Or App 343, 228 P3d 607 (2010), we reverse.

We begin with a brief overview of the controlling statutes. Under ORS 92.040, a person proposing a partition of property must submit, in writing, an application and tentative plan to the city having jurisdiction to review the application. The city then "shall take final action" on that application for a limited land use decision[1] "within 120 days after the application is deemed complete." ORS 227.178(1). ORS 227.178(2) sets forth the circumstances under which an application is deemed complete:

"If an application for a permit, limited land use decision or zone change is incomplete, the governing body or its designee shall notify the applicant in writing of exactly what information is missing within 30 days of receipt of the application and allow the applicant to submit the missing information. The application *shall be deemed complete for the purpose of subsection (1) of this section* upon receipt by the governing body or its designee of:

"(a)   All of the missing information;

---

[1] ORS 197.015(12) provides that a "limited land use decision":

"(a) Means a final decision or determination made by a local government pertaining to a site within an urban growth boundary that concerns:

"(A) The approval or denial of a tentative subdivision or partition plan, as described in ORS 92.040(1)."

The parcels that would be created by relator's tentative partition plan in this case would be located within an urban growth boundary. Under ORS 197.015(12), a final city decision on that type of application is a "limited land use decision."

"(b) Some of the missing information and written notice from the applicant that no other information will be provided; or

"(c) Written notice from the applicant that none of the missing information will be provided."

(Emphasis added.) If the city does not take final action within 120 days after the application is deemed complete, ORS 227.179(1) provides that the applicant may file a petition for a writ of mandamus "to compel the governing body or its designee to issue the approval." Upon the filing of a mandamus petition, "jurisdiction for all decisions regarding the application" is with the trial court. ORS 227.179(2).

In October 2008, relator filed an application with the city for partition of his property. Pursuant to ORS 227.178(2), the city sent relator a request for three items of missing information, to which relator responded to with a letter that the city received on December 2, 2008. In the letter, relator provided some of the requested information, wrote that no other additional information would be submitted to comply with one of the items, and requested that the city "should consider my application complete by operation of law."

On December 4, 2008, relator submitted to the city an alternative plan that sought to reconfigure some of the lot lines for the proposed partition. He requested that city "evaluate both as original submitted and with option I are [*sic*] part of your review." The city responded with a letter to relator informing him that it could not comply with his request to consider both the original and second proposed tentative plan as one application. Relator was asked to confirm whether he wanted the city to process his original application or to withdraw it and have the alternative plan considered. He was told that if he did not respond in writing by December 11, 2008, the city would proceed on the original proposal. On December 8, 2008, the city received a voicemail from relator stating that he wished to proceed on the original application. Thereafter, the city planning division issued a decision approving relator's application. However, at a March 30 hearing, the city council voted to rescind the planning division's decision and to deny the application.

On April 1, 2009, the city had not yet issued its final written decision. Considering April 1 to be the statutorily mandated 120-day decision deadline, on April 2, relator filed an alternative writ of mandamus under ORS 227.179(1). That same day, the trial court issued an order allowing the writ. On April 3, the city sent relator a letter stating that it disputed relator's contention that the 120-day time limit had expired, and that, in the city's view, "the 120 day time limit will expire no earlier than April 7, 2009, which is 120 days from the date you informed the city to proceed with review of the original tentative plan, and not to proceed with review of the alternative tentative plan." The city continued to move forward with processing relator's application, and on April 6, 2009, 125 days from December 2, the city issued a final written order denying relator's partition proposal.[2]

The city then moved to dismiss the petition and order for writ of mandamus, arguing that the 120-day deadline had not expired by April 6, 2009, because relator's submission of an "alternative tentative plan" on December 4, 2008, was either a modification or a *de facto* withdrawal and submission of a new application. In either case, according to the city, relator's December 4 submission had the effect of restarting the 120-day clock. Accordingly, the city argued that the provisions of ORS 227.178(2) again gave it discretion, within a 30-day window, to either determine whether the resubmitted application was complete or to inform petitioner of what information was missing. Thus, the city claimed it had the discretion to deem the application complete as of December 10, 2008, and that the 120-day clock did not expire until April 9, 2009.

In a letter opinion, the court agreed with the city and dismissed the mandamus petition as prematurely filed. The

---

[2] In a separate proceeding, relator appealed to the Land Use Board of Appeals the city's April 6, 2009, decision to deny the partition. In an unpublished opinion, LUBA dismissed that appeal for lack of jurisdiction prior to the trial court's ruling in this case. *Stewart v. City of Salem*, LUBA No. 2009-052 at 9-10 (Apr 9, 2010). In deciding to dismiss the appeal, LUBA reasoned:

"because ORS 227.179(2) expressly vests in the circuit court exclusive jurisdiction over 'all decisions regarding the application' once a petition for writ of mandamus is filed, LUBA lacks jurisdiction over the city's post-writ decision. It follows that the proper disposition of this appeal is dismissal * * *."

court reasoned that relator must not have actually considered the application complete on December 2, 2008, "or he would not have submitted a second tentative plan on December 4 * * *." The court read ORS 227.178 as a delegation of authority to the city to determine the date on which an application is deemed complete. The court found that, "after receiving Relator's December 8, 2008 [communication], it was reasonable that [the city] would deem the file to be complete on December 10, 2008," and concluded that the city did not violate the 120-day deadline. The court later denied petitioner's motion for reconsideration and objections to the letter ruling and entered a judgment of dismissal.

On appeal, both parties agree that, if relator had not filed an alternative tentative plan on December 4, 2008, ORS 227.178(2) would have required the city to deem relator's application complete as of December 2. However, the city argues that that statute does not address situations like that present in this case, "where an applicant, after providing written notice as described in ORS 227.178(2)(b), then submits different alternatives and tells the local government to process both within the same application." Under those circumstances, the city contends, an application is left in "procedural limbo" until the applicant responds to a request for clarification. It follows, the city argues, that the trial court correctly concluded that the city reasonably deemed relator's application complete on December 10, 2008, two days after it received clarification from relator as to which alternative partition plan relator wanted the city to process. Thus, the city urges us to conclude that it timely took "final action" on relator's application on April 6, 2009.

Relator, on the other hand, contends that the text and context of ORS 227.178(2) do not support the city's position and instead require us to conclude that relator's application should have been "deemed complete" on December 2, 2008, the date that the city received the requested additional materials from relator.[3] *See State v. Gaines*, 346 Or 160,

---

[3] Relator makes four assignments of error, each relating to whether the circuit court erred in its disposition of when relator's application was properly deemed complete under ORS 227.178. In his reply brief, however, relator agrees with the city that "[e]ach assignment of error may be resolved by answering a single question; whether [r]elator's application should have been 'deemed complete' on

171-72, 206 P3d 1042 (2009) (to discern the legislature's intention in adopting a statute, we examine the text in context, and, to the extent we find it helpful, legislative history proffered by the parties). We agree with relator.

■■ Here, the statutory text compels the conclusion that the "deemed complete" date is December 2, 2008. Use of the word "shall" in a statute generally indicates that something is mandatory. *Williams v. Philip Morris Inc.*, 344 Or 45, 59, 176 P3d 1255 (2008), *cert dismissed*, 556 US 178 (2009). Under ORS 227.178(1), a city *shall* take final action on a limited land use application within 120 days after the application is "deemed complete." If the city, within 30 days of receipt of the application, provides the applicant with written notice that the application is incomplete pursuant to ORS 227.178(2), that statutes requires that the city *shall* deem an application complete, starting the 120-day clock, on the date that the city receives either the additional requested materials, some materials and written notice that the rest will not be provided, or written notice that none of the requested materials will be provided. ORS 227.178(2)(a) - (c). The undisputed date on which the city received that information, here, was December 2, 2008. Nothing else in the statutory text suggests that the legislature otherwise intended to permit a local government the discretion to choose any other date on which to deem an application complete.

The context for ORS 227.178(2) also supports the conclusion that an application must be "deemed complete" on the date that requested additional information is received by the city. Upon review of the surrounding statutory scheme, there are no other provisions relating to the mandamus procedure that would alter or contradict the terms of ORS 227.178(2). Indeed, the statutes only contemplate one circumstance by which the 120-day deadline may be extended— if, under ORS 227.178(5) the *applicant* requests an extension in writing. *State ex rel West Main Townhomes*, 233 Or App at 45.

In *State ex rel West Main Townhomes*, we construed a related statute in a similar manner. In that case, we held

---

December 2, 2008." We agree, and it is that issue, therefore, that we address on appeal.

that the provisions of ORS 227.179(4)—allowing an appli-
cant, after the 120-day deadline has passed, to "elect to pro-
ceed with the application * * * or to file a petition for writ of
mandamus under this section"—are not mutually exclusive.
*Id.* at 45-46. Therefore, the developer in that case did not
somehow extend the statutory decision deadline or otherwise
waive his right to file a mandamus petition by submitting a
new proposal to the city after the 120-day deadline has
passed. *Id.*[4] In construing ORS 227.179(4), we reasoned that
one objective of the 120-day requirement and the mandamus
procedure is to assure "prompt governmental action on appli-
cations for the use of property." *Id.* at 46. *See also State ex rel
Compass Corp. v. City of Lake Oswego*, 319 Or 537, 541-42,
878 P2d 403 (1994) (interpreting the predecessor statute to
ORS 227.179 and reasoning that the statutory scheme unam-
biguously "provides an incentive for timely governmental
action").

Similarly, we decline the city's invitation, in this
case, to view defendant's submission on December 4, 2008,
and subsequent withdrawal via voicemail on December 8, to
permit an extension of the 120-day deadline or to other-
wise allow the city to set a new "deemed complete" date of
December 10. While it may be true that ORS 227.178 does
not contemplate situations where, as here, the applicant
takes an action after the application is "deemed complete"
that leaves the city in a position in which it is uncertain how
to proceed, once it was clear that the applicant wished to pro-
ceed with the original petition, the completion date associ-
ated with that original filing remained in effect. Given the
mandatory nature of ORS 227.178—"[t]he application *shall*
be deemed complete" (emphasis added)—the city had no dis-
cretion but to take final action within the 120-day deadline
established when the city received relator's response to its
request for missing information.

In summary, relator submitted an application for a
partition in October 2008, after which the city, pursuant to
ORS 227.178(2), informed him that additional information

---

[4] We note that, unlike the developer in *State ex rel West Main Townhomes*,
relator in this case filed a petition for writ of mandamus as soon as he believed that
the 120-day deadline had passed. *See id.* at 46.

was needed. On December 2, 2008, the city received a letter from relator that included the information required to deem his application complete under ORS 227.178(2)(b), including a written request by relator that the city "consider my application complete by operation of law." Relator did not, at any time, request an extension of the 120-day deadline pursuant to ORS 227.178(5). Relator's voicemail response to the city's December 4 letter clarified that he wished to proceed with his first proposed plan, which already had a "deemed complete" date of December 2. Relator's application was thus complete on December 2, setting the 120-day deadline for April 1, 2009. Because the city had not yet taken final action on relator's application by April 1, relator's mandamus petition was properly filed pursuant to ORS 227.179(1). The trial court erred in dismissing relator's petition for writ of mandamus.

Reversed and remanded.