Submitted February 25, affirmed April 1, petition for review denied
August 27, 2020 (366 Or 826)

MICHAEL A. LUJAN,
*Petitioner-Appellant,*

*v.*

Troy BOWSER,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV140794; A168042

462 P3d 784

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In this post-conviction case, petitioner appeals a supplemental judgment that awarded him costs and fees. Petitioner assigns error to the post-conviction court's denial of an enhanced prevailing party fee under ORS 20.190(3). He contends that the post-conviction court abused its discretion because it misunderstood the scope of its discretion under ORS 20.190(3) and also by concluding that the superintendent's conduct was not the sort that allowed for a prevailing party fee under ORS 20.190(3)(a).

The superintendent responds that ORS 20.190(3) did not give the post-conviction court authority to grant petitioner's request for an enhanced prevailing party fee. Specifically, ORS 20.190(3) applies in actions for recovery of money or damages only, and petitioner never requested either type of relief. The superintendent argues that this is an alternative basis for affirmance.[1] Further, he argues that, even if ORS 20.190(3) applied in this case, the facts here do not establish that a prevailing party fee was warranted—much less required as a matter of law. That is because petitioner relied on ORS 20.190(3)(a) as the legal basis to award a prevailing party fee, and petitioner did not identify conduct by the superintendent that would fit into the criteria listed in that subsection. Here, the superintendent argues that he understood the scope of his authority, and the record shows that his actions were reasonable and not subject to a punitive fee under subsection (3)(a). Thus, petitioner cannot show that the post-conviction court abused its discretion. *Shumake v. Foshee*, 197 Or App 255, 260-61, 105 P3d 919 (2005) (when a trial court decides not to award an "enhanced prevailing party fee" under ORS 20.190(3),

---

[1] The superintendent did not argue below that ORS 20.190(3) is inapplicable, and the post-conviction court did not address the issue. This court may affirm on "right for the wrong reason" principles, however. Whether ORS 20.190(3) applies to a case such as this, in which a petitioner did not seek recovery of money or damages, presents a question of law. As a result, this is not a case in which, had the superintendent made the argument at issue below, the record might have developed differently. Affirmance on "right for the wrong reason" grounds thus is permissible, albeit discretionary. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (noting that affirmance on such grounds is inappropriate "if the losing party might have created a different record below had the prevailing party raised that issue," and if that different record "could affect the disposition of the issue" (emphasis omitted)).

this court reviews the decision for an abuse of discretion). Thus, he argues that we should affirm the supplemental judgment because the court acted within its discretion by denying petitioner's request for a prevailing party fee under ORS 20.190(3).

We agree with the superintendent that ORS 20.190(3) does not apply to an action that does not seek recovery of money or damages.[2] Here, no money or damages were sought. Accordingly, we conclude that the post-conviction court did not err in its denial of a prevailing party fee under ORS 20.190(3). Our conclusion obviates the need to address petitioner's claim that the trial court misunderstood the scope of its discretion and was incorrect in its conclusion that the superintendent's conduct did not warrant granting petitioner's request for a prevailing party fee under ORS 20.190(3)(a).

Affirmed.

---

[2] ORS 20.190(3) applies "in any civil action or proceeding in a circuit court in which recovery of money or damages is sought."